Mrs. Esther A. GRUBB et al., Plaintiffs,

v.

William R. STERRETT et al., Defendants.

Civ. No. 69 F 3.

United States District Court,
N. D. Indiana,
Fort Wayne Division.

May 7, 1970.

Ivan E. Bodensteiner, Legal Services Program, Fort Wayne, Ind., for plaintiffs.

Scott Tower Miller, Deputy Indiana Atty. Gen., Indianapolis, Ind., Robert H. Berning, Fort Wayne, Ind., for defendants.

Before CUMMINGS, Circuit Judge, and GRANT and ESCHBACH, District Judges.

### MEMORANDUM OF DECISION AND JUDGMENT

ESCHBACH, District Judge.

Plaintiffs bring this class action to challenge the validity of a regulation of the Indiana State Department of Public Welfare governing the administration of that part of Indiana's public assistance relating to Aid to Families with Dependent Children (AFDC). *See* Ind.Stat. Ann. §§ 52–1240 to 52–1251 (Burns' 1964 Repl.). The named plaintiffs are members of a class of those needy mothers and dependent children who are residents of Indiana and who are otherwise eligible for AFDC assistance but whose AFDC assistance has been terminated or denied on the grounds that the needy children have a stepfather present in the house. *See* Indiana Department of Public Welfare, Public Assistance Manual III–C–3 (as amended Sept. 27, 1968) (hereinafter MANUAL). Specifically, plaintiffs contend that since a stepfather in Indiana is not legally obligated to support his stepchildren, this regulation, MANUAL III–C–3, is inconsistent with Part A of Subchapter IV of the Social Security Act of 1935, 42 U.S.C. §§ 601–610 (1964), with federal regulations promulgated thereunder, 45 C.F.R. § 203.1(a) (1969), and with the due process and equal protection clauses of the fourteenth amendment to the federal constitution. The defendants are the Administrator of the State Department of Public Welfare, the members of the State Board of Public Welfare, the Director of the Allen County (Fort Wayne) Department of Public Welfare, and the members of the Board of Directors of

the Allen County Department of Public Welfare.

This court concludes, for the reasons discussed below, that the Indiana "stepfather" regulation is invalid and unenforceable because it is inconsistent with the federal regulation.

## I. PROCEDURAL ASPECTS OF ACTION

■ In their complaints, plaintiffs sought various kinds of declaratory and injunctive relief, including the retroactive payment of AFDC benefits wrongfully withheld by the State. Because the constitutional questions presented were not insubstantial and because the complaint sought an injunction restraining the enforcement, operation, and execution of a statewide regulation on the grounds of its unconstitutionality, a three-judge court was convened pursuant to 28 U.S.C. §§ 2281 and 2284. *See, e. g.,* King v. Smith, 392 U.S. 309, 311 n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Where both substantial constitutional claims and claims based upon a conflict between state and federal laws are asserted, as here, a three-judge district court is required even if, as here, the constitutional issues are not reached and the injunction is issued on supremacy grounds alone. *E. g.,* Brotherhood of Locomotive Engineers v. Chicago, R. I. & Pac. R. R., 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501 (1966).

The cause of action is based upon 42 U.S.C. § 1983, and jurisdiction is founded on 28 U.S.C. § 1343. *E. g.,* King v. Smith, *supra.*

■ This is a proper class action under Rule 23, Fed.R.Civ.P., since the requirements of Rules 23(a) and 23(b) (2) are met. *E. g.,* Solman v. Shapiro, 300 F.Supp. 409, 411 n. 1 (D.Conn. 1969), aff'd mem., 396 U.S. 5, 90 S.Ct. 25, 24 L. Ed.2d 5; Doe v. Shapiro, 302 F.Supp. 761, 762 n. 3 (D.Conn.1969). The class consists of all those needy mothers and dependent children who are residents of the State of Indiana and who are otherwise eligible for AFDC but whose AFDC benefits after August 8, 1968 have been terminated or denied because of Indiana's "stepfather" regulation. MANUAL III–C–3.

Pursuant to an order of this court on October 7, 1969, this action was submitted upon a stipulation of facts and briefs from the respective parties without oral argument.

## II. FACTS

Named plaintiff, Esther Grubb, is a resident of Indiana, mother of six children, five of whom live with her. Prior to June 1, 1967, Mrs. Grubb and her five children were receiving AFDC benefits. In October 1966 she was divorced from the father of the children and married her present husband on May 20, 1967. After her remarriage, effective June 1, 1967 Mrs. Grubb's and her five children's AFDC assistance was terminated on the grounds that the children were no longer deprived of parental support or care. After the promulgation of the HEW regulation cited above, Mrs. Grubb applied to the Allen County Department of Welfare for AFDC assistance on October 24, 1968, but was told she was ineligible because of the Indiana welfare regulation, cited above.

Intervening plaintiff, Margaret Bagwell, is also a resident of Indiana, a mother of three children, divorced from the natural father of these children, and was married to her present husband on April 26, 1967. Mrs. Bagwell applied to her county welfare department for AFDC assistance on November 22, 1968, but her application was rejected on the grounds that the three children for whom she sought assistance were not deprived of parental support or care because of the presence of the stepfather in the home.

## III. ELIGIBILITY FOR AFDC

### A. "Dependent Child"

■ In order for a child to be eligible for AFDC benefits, he must be a "dependent child" within the meaning of the Social Security Act, which defines a dependent child as a

"needy child * * * who has been deprived of parental support or care by reason of death, continued absence from the home, or physical or mental incapacity of a parent and who is liv-with [a designated relative]. * * *" 42 U.S.C. § 606(a).

The Indiana Public Welfare Act of 1936 defines "dependent child" similarly. *See* Ind.Stat.Ann. § 52–1001(*l*). Pursuant to its authority under the Social Security Act, 42 U.S.C. § 1302, the Secretary of Health, Education and Welfare [HEW] has promulgated a regulation which specifies how a state welfare administration shall determine whether a child has been deprived of *"parental support or care by reason of * * * continued absence from the home. * * *"* This regulation provides that the determination of whether a child has been deprived of parental support or care

"will be made *only* in relation to a child's natural or adoptive parents, or in relation to a child's stepparent who is ceremonially married to a child's natural or adoptive parent *and* [who is] *legally obligated* to support the child under the State law of *general applicability* which requires stepparents to support stepchildren to the *same extent* that natural or adoptive parents are required to support their children." 45 C.F.R. 203.1(a) (1969) (eff. Aug. 8, 1968) (emphasis added).

In other words, where a stepfather who has a legal obligation to support his stepchildren is legally married to and lives with the natural mother of his stepchildren, such children are ineligible for AFDC assistance because they have not been "deprived of parental support or care."

Such an HEW regulation is binding upon the Indiana State Department of Public Welfare. King v. Smith, *supra* 392 U.S. at 317, 88 S.Ct. 2128; Solman v. Shapiro, *supra* 300 F.Supp. at 413; Worrell v. Sterrett, CCH Poverty L.Rep. ¶ 10,575 at 11,461–62 (N.D.Ind. Oct. 15, 1969); Ind.Stat.Ann. § 52–1113.

Moreover, this regulation is valid. *See* Solman v. Shapiro, *supra* (by implication). *See generally* Worrell v. Sterrett, *supra.*

Upon the promulgation of this HEW regulation, the administrator of the Indiana State Department of Public Welfare revised the department's definition of "deprived of parental support" to provide that the condition of continued absence must apply to

"either the natural parent or the step parent of the child if the step parent is legally married according to Indiana law to the child's natural parent. * * *" MANUAL III–C–3 (eff. Sept. 27, 1968).

The Indiana regulation contains only the requirement that the stepparent be legally married to the natural parent and, unlike the HEW regulation quoted above, it does *not* require that the stepparent be "legally obligated" under Indiana law of "general application" to support his stepchildren "to the same extent" that natural parents are required to support their children. Consequently, unless stepparents under Indiana law are under a legal duty to support their stepchildren, the Indiana regulation, MANUAL III–C–3, would be inconsistent with the HEW regulation, 45 C.F.R. 203.1(a). If the Indiana regulation governing when the presence of a stepparent in the home will make a child ineligible for AFDC assistance is inconsistent with the HEW regulation, then the State regulation is invalid and unenforceable. *See* Solman v. Shapiro, *supra.*

*B. Stepfather's Obligation to Support Stepchildren*

As the defendants state in their brief, the question before this court is whether the named and intervening plaintiffs and the class they represent are eligible for AFDC after having married their present husbands. This question in turn depends on whether a stepfather is under a legal obligation under Indiana law of *general* applicability to support his stepchildren to the *same extent* as a nat-

ural or adoptive parent is required to support his children. Defendants are incorrect, however, when they later contend that *"any* type *or degree* of legal duty is sufficient to comply with the DHEW regulation \* \* \*."

█ Defendants do not argue nor could they argue that in Indiana a person is under a common law, civil obligation to support the children of the person whom she or he marries. The relationship of stepparent and stepchild itself does not create or impose any legal obligation of support. *See* Grossman v. Lauber, 29 Ind. 618, 620 (1868), Treschman v. Treschman, 28 Ind.App. 206, 61 N.E. 961, 962 (Ind.App.1901) (reh. denied). *See generally* 67 C.J.S. Parent and Child § 80b(1) (1950).

The sole authority for defendants' contention that a stepparent is under a general legal obligation to support his stepchildren to the same extent that a natural parent must support his children is a criminal statute, Ind.Stat.Ann. §§ 10–813 to 10–815 (Burns' 1956 Repl.). These sections appear in a chapter of the State's criminal code entitled "Children" and concern abuse, abandonment, cruelty and neglect of children. There are few reported Indiana cases arising under these sections, and none of these cases hold that these criminal provisions impose a general legal obligation upon stepparents to support their stepchildren to the same extent that natural parents are required to support their children. As the defendants concede, because these are criminal provisions, they must be strictly construed—especially where, as defendants propose, an interpretation is suggested which would be in derogation of the common law. *See, e. g.,* Loftus v. State, 222 Ind. 139, 52 N.E.2d 488 (Ind. 1944).

There is authority in Indiana and elsewhere for the proposition, advanced by the plaintiffs, that a criminal child neglect statute does *not* impose a general legal obligation of support upon someone who did not otherwise have a civil obligation to support a child. *See generally*

67 C.J.S. Parent and Child § 91 (1950). In determining whether a mother had abandoned her child within the meaning of the adoption statute, the Indiana Appellate Court refused to apply the definition of criminal abandonment contained in the criminal neglect statute, Ind.Stat. Ann. § 10–813, and, instead, applied the common law definition of abandonment. In Re Forces Adoption, 126 Ind.App. 156, 131 N.E.2d 157, 159 (Ind.App.1956) (en banc). In Manners v. State, 210 Ind. 648, 5 N.E.2d 300 (Ind.1936), the Indiana Supreme Court considered the applicability of a criminal abandonment statute, Ind.Stat.Ann. § 10–1401, to a father who was convicted on a charge of deserting three of his children, aged 15, 17 and 19 years. The court agreed with the legal proposition advanced by the father that he could *not* be criminally prosecuted for abandoning these children *unless* he had a civil obligation to support them.

"It is fundamental that penal statutes are to be strictly construed; that a statute in derogation of a common right and highly penal in character is only to be applied to cases clearly within its provisions; that penalties may not be created by construction, but must be avoided by construction unless they are brought within the letter and the necessary meaning of the act creating the penalty. \* \* \* It is difficult to conclude that the Legislature intended to punish as a felony a failure to do that *which there is no civil obligation to do, and for a failure in which there is no* civil remedy. A parent is not civilly liable for the support of an adult child, and it must be concluded that adult children are not within the meaning and intention of the statute." *Id.* at 303 (emphasis added).

█ In Indiana, the legislature has not enacted *any* statutes granting a stepchild a civil remedy against a stepparent for nonsupport. A mother cannot obtain a civil support order against the stepfather of children born to her of a former marriage. *See* Ind.Stat.Ann. §

38–116 (Burns' 1949 Repl., Supp.1969). A divorce decree can order the husband to support only the legal children of the marriage and cannot order him to support his stepchildren. *See* Miller v. Miller, 231 N.E.2d 828, 833 (Ind.App. 1967); Ind.Stat.Ann. § 3–1219 (Burns' 1968 Repl.). A decree of temporary legal separation cannot order a stepfather to support his stepchildren. *See id.* § 3–1232.

Even if we were to assume, arguendo, that the criminal neglect statute, Ind. Stat.Ann. § 10–813, would be interpreted by an Indiana court as imposing criminal liability upon a stepfather for "willfully failing to provide proper and sufficient" support, such a criminal prohibition upon willful neglect would *not* constitute the type of legal obligation required by the HEW regulation, 45 C.F. R. § 203.1(a), quoted above. Such a criminal liability would not constitute a legal obligation of "general applicability" requiring a stepparent to support his stepchildren "to the same extent" as natural parents are required to support their children.

■ Since a stepparent in Indiana is not under a legal duty to support his or her stepchild, the Indiana regulation, MANUAL III–C–3, is in contravention of 42 U.S.C. § 606(a) as interpreted by HEW regulation, 45 C.F.R. § 203.1(a). *See* Solman v. Shapiro, *supra*. This conclusion makes it unnecessary to consider plaintiffs' constitutional claims. *See* King v. Smith, *supra* 392 U.S. at 333, 88 S.Ct. 2128, 20 L.Ed.2d 1118.

## IV. RETROACTIVE AFDC BENEFITS

In addition to injunctive relief, plaintiffs seek retroactive payments of amounts of AFDC assistance wrongfully withheld pursuant to MANUAL III–C–3. Indiana welfare regulations already provide a procedure whereby retroactive entitlement to payments wrongfully withheld may be determined. Indiana welfare regulations governing the right of appeal to the state department from a county department's denial or termina-

tion of welfare assistance provide that the decision of the state department shall be binding upon the county department and shall be acted upon "immediately" by the county department. Ind. Dept. of Public Welfare, Rules and Regulations § 2–113(g) (eff. Jan. 30, 1969) [RULES & REGS.]. The appeals regulations further provide that:

"If the action taken by the county department, either prior to the hearing or as a result of the decision on a fair hearing corrects a previous agency action, the effective date of the corrective action *shall be retroactive* to the date the original incorrect action was taken." *Id.* § 2–113(c) (emphasis added).

These State provisions reflect the federal requirement that corrective payments are to be made retroactive to the date the incorrect action was taken when an appeal hearing is favorable to the claimant. IV HEW Handbook of Public Assistance § 6200(k) (eff. July 1, 1968).

■ Since the Indiana Department of Public Welfare has already established a procedure whereby retroactive payments for welfare assistance wrongfully withheld may be determined, the plaintiffs' prayer for retroactive benefits is remanded to permit appeal to the Indiana Department of Public Welfare for its determination in light of this decision and the applicable regulations of HEW and the Indiana Department of Public Welfare. Welfare claimants' prayer for retroactive payment of wrongfully withheld welfare assistance has been similarly remanded for proceedings under applicable federal and state appeal proceedings in at least two other three-judge welfare cases. Solman v. Shapiro, 300 F.Supp. 409, 416 (D. Conn.1969), aff'd, mem., 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed.2d 5; Doe v. Shapiro, 302 F.Supp. 761, 768 (D.Conn.1969). *See* Robinson v. Washington, 302 F. Supp. 842, 844 (D.D.C.1968).

Since the HEW regulation, 45 C.F.R. § 203.1, defining when the presence of a stepparent would make a child ineligi-

ble for AFDC assistance became effective August 8, 1968, all decisions on eligibility for AFDC made after that date which were inconsistent with this federal regulation were incorrect. Accordingly, the class of persons who are eligible to appeal to the Indiana Department of Public Welfare under this decision consists of all those needy mothers and dependent children who are residents of the State of Indiana and who are otherwise eligible for AFDC assistance but whose AFDC benefits have been terminated or whose applications for AFDC benefits have been denied because of an action inconsistent with the HEW "stepparent" regulation, 45 C.F.R. § 203.1(a).

 The requirement under the Indiana welfare regulations that an appeal from a denial or termination of welfare assistance must be filed within 30 days of the county department's decision is inapplicable to the named plaintiffs and the members of their class in this cause. Therefore, this requirement, contained in RULES & REGS. § 2–113(a), is inapplicable to those welfare claimants who are included within the class as limited by this opinion and who chose to appeal under the authority of this opinion.

### JUDGMENT AND DECREE

It is therefore considered, ordered, adjudged, and declared that the defendants, their agents and employees, and all those acting by and through them are permanently and perpetually enjoined from denying or terminating AFDC payments to plaintiffs and the other members of the class on the grounds that they are barred from receiving such assistance under the stepparent provisions of the Indiana Department of Public Welfare, Public Assistance Manua III–C–3, as amended September 27, 1968.

It is also considered, ordered, adjudged, and declared that the Indiana State Department of Public Welfare, its officers, employees and agents, shall, on or before 60 days of the date of this opinion, notify, by first-class mail to his or her last known address, the named plaintiffs and all members of their class whose application for AFDC assistance has been denied or whose AFDC assistance has been terminated pursuant to Indiana's "stepfather" regulation, MANUAL III–C–3, after August 8, 1968, and who was not at the time of such denial or termination determined to be otherwise ineligible for such assistance, that the "stepfather regulation" has been invalidated and that they may reapply for AFDC assistance. Such written notice must also inform these applicants and previous recipients that they may appeal at any time within 60 days of the date of such notice the denial or termination of AFDC assistance for the period during which it was denied, and such notice shall include a form returnable to the State department upon which such claimants may indicate their desire to appeal.

And it is further considered, ordered, adjudged and declared that the Indiana State Department of Public Welfare, its officers, employees, and agents shall, upon receipt of each such appeal, in accordance with this opinion and the applicable federal and State regulations, determine the entitlement of each such appellant to AFDC assistance payments retroactive to the date of the incorrect denial or termination.