**Ruthie Lee GAITHER and James R. Gaither, Individually and on behalf of her minor children, et al., Plaintiffs,**

**v.**

**William R. STERRETT, Individually and in his capacity as Administrator of the Indiana State Department of Public Welfare, et al., Defendants.**

**Civ. No. 72 F 31.**

United States District Court,
N. D. Indiana,
Fort Wayne Division.

Aug. 7, 1972.

Ivan E. Bodensteiner, Fort Wayne, Ind., David P. Matsey, Seymour Moskowitz, Gary, Ind., John P. Forhan, South Bend, Ind., Louis F. Rosenberg, Harold R. Berk, Indianapolis, Ind., for plaintiff.

George M. Curry, Elizabeth H. Hamacher, Deputy Atty. Gen., Indianapolis, Ind., for defendant.

Before PELL, Circuit Judge, and GRANT and ESCHBACH, District Judges.

## MEMORANDUM OF DECISION AND PRELIMINARY INJUNCTION

ESCHBACH, District Judge.

Plaintiffs, on behalf of themselves and others similarly situated seek the issuance of a preliminary injunction restraining the enforcement of Indiana Public Law No. 93 (House Enrolled Act 1155) and Indiana Department of Public Welfare Bulletin No. 275 on the grounds that they are in conflict with the equal protection clause of the Fourteenth Amendment to the United States Constitution and that they are in contravention of 42 U.S.C. § 606(a) as interpreted by 45 C.F.R. § 233.90(a), (February 23, 1971). The named plaintiffs are members of a class of stepfathers, natural or adoptive mothers, and needy, dependent stepchildren, which children are otherwise eligible for the Aid to Families with Dependent Children program, one of the four "categorical assistance" programs established by the Social Security Act of 1935, 42 U.S.C. § 601 et seq. Defendants are the members of the Indiana State Board of Public Welfare and the Administrator of the Indiana State Department of Public Welfare.

Plaintiffs' action is founded upon 42 U.S.C. § 1983, with jurisdiction having been determined under 28 U.S.C. § 1343(3). *See, e. g.*, King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Because the constitutional issues were not insubstantial and because the complaint sought an injunction restraining the enforcement and execution of a state statute and state-wide regulation on the grounds of their unconstitutionality, a three-judge court was con-

vened pursuant to 28 U.S.C. §§ 2281 and 2284. On April 25, 1972, a single judge of this three-judge panel issued a temporary restraining order enjoining the defendants from enforcing the provisions of Indiana Department of Public Welfare Bulletin No. 275 (hereinafter sometimes referred to as DPW No. 275) as provided in 28 U.S.C. § 2284(3).

This cause is presently before the panel on defendants' motion to dissolve that restraining order,[1] defendants' motion to dismiss the cause in its entirety for lack of jurisdiction, and plaintiffs' motion for a preliminary injunction. This court has concluded that defendants' motion to dismiss must be denied, and plaintiffs' application for preliminary injunction will be granted.

 The court finds the prerequisites to a valid class action have been met pursuant to Fed.R.Civ.P. 23(a) and (b) (2). *See, e. g.,* Grubb v. Sterrett, 315 F.Supp. 990 (N.D.Ind.1970), aff'd mem., 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182 (1971); Solman v. Shapiro, 300 F. Supp. 409, 411 n. 1 (D.Conn.1969), aff'd mem., 396 U.S. 5, 90 S.Ct. 25, 24 L.Ed. 2d 5 (1969). The present class consists of all Indiana families which include a stepfather, natural or adoptive mother, and needy, dependent stepchildren otherwise eligible for AFDC but whose AFDC benefits were terminated or threatened to be terminated because of the implementation of DPW Bulletin No. 275.

Plaintiffs are recipients of AFDC assistance, including Medicaid, pursuant to the AFDC program administered by the Indiana State Department of Public Welfare. Indiana operates in conjunction with the federal government to provide these benefits, and the State of Indiana has agreed by statute to follow the provisions of the Social Security Act of 1935 and the regulations issued thereunder in administering the AFDC pro-

gram. *See* Ind.Ann.Stat. §§ 52–1113, 51–1113a (Burns 1964 Repl.), IC 1971, 12–1–2–12, 12–1–2–13. The Social Security Act of 1935 provides that in order for a child to be eligible for AFDC benefits, the child must be "dependent" within the meaning of the act. Title 42, U.S.C. § 606(a) defines a dependent child as a

> "Needy child * * * who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent * * *."

Pursuant to his authority under 42 U.S. C. § 1302, the Secretary of Health, Education, and Welfare (HEW) has specified by regulation how a state welfare administrator shall determine what constitutes deprivation of "parental support by reason of continued absence from the home." This regulation provides that the determination of whether a child has been deprived of parental support

> " . . . will be made only in relation to a child's natural or adoptive parents, or in relation to a child's stepparent who is ceremonially married to a child's natural or adoptive parent and is legally obligated to support the child under the state law of general applicability which requires stepparents to support stepchildren to the same extent that natural or adoptive parents are required to support their children." 45 C.F.R. § 233.90 (a) (eff. February 27, 1971).

In Grubb v. Sterrett, *supra,* it was determined that under then-existing Indiana law a stepparent in Indiana was not under a legal duty to support his or her stepchild. Therefore, the court concluded in *Grubb, supra,* that Indiana regulation, Manual III–C–3, which provided for termination of AFDC benefits for those stepchildren who had a stepfather in the home, was not in compliance with Part A of Subchapter IV of the Social

---

1. Obviously, if plaintiffs' motion for a preliminary injunction is granted, defendants' motion to dissolve will have been denied. Conversely, if plaintiffs' motion is denied, the temporary restraining order will dissolve. *See* 28 U.S.C. § 2284(3).

Security Act of 1935, 42 U.S.C. §§ 601–610 (1964) as interpreted by 45 C.F.R. § 203.1(a).[2]

The current action arises out of Indiana's statutory response to the *Grubb, supra,* decision. In February of 1972, the Indiana General Assembly enacted Public Law No. 93 (House Enrolled Act 1155) which became effective February 17, 1972.[3] This law is an amendment to the Indiana welfare provisions and purports to make *stepfathers* responsible for the support of their stepchildren who reside with them if those stepchildren would otherwise be eligible for AFDC assistance. In order to implement the provisions of Public Law No. 93, the Indiana Department of Public Welfare adopted and promulgated DPW Bulletin No. 275, which set out the guidelines for the county welfare agencies to follow in implementing the revised policy regarding AFDC benefits to stepchildren. Pursuant to the provisions of DPW No. 275, plaintiffs and members of the class they represent received notice that their AFDC benefits would be terminated or reduced by reason of the enforcement of Public Law No. 93.

## DEFENDANTS' MOTION TO DISMISS

■ Defendants first contend that this court does not properly have juris-diction under 28 U.S.C. 1343(3). Defendants submit that jurisdiction founded upon § 1343(3) is only available for actions arising under 42 U.S.C. § 1983, where the federal right sought to be vindicated is one dealing with personal liberty, and that § 1343(3) is not available for the mere deprivation of rights in property, which defendants contend is the nature of the right asserted here. *See* Tichon v. Harder, 438 F.2d 1396 (2d Cir. 1971); Weddle v. Director, Patuxent Institution, 436 F.2d 342 (4th Cir. 1970), vacated, 92 S.Ct. 1318 (1972); Eisen v. Eastman, 421 F.2d 560 (2d Cir. 1969), cert. denied, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970). Assuming, however, the nature of the right asserted here is that of property, it is now clear that there is no meaningful distinction between personal liberty and property rights as a guide to the contours of § 1343(3) jurisdiction. In Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972), the Supreme Court expressly rejected that distinction and found that Congress intended to provide a federal judicial forum for the redress of wrongful deprivation of property by persons acting under color of state law. *Lynch, supra* at 1117, 1120. The nature of the right asserted here is not, therefore, a bar to this court's jurisdiction under 28 U.S.C. 1343(3).

---

2. The above-cited federal regulation is currently designated 45 C.F.R. 233.90(a).

3. Public Law No. 93 provides in pertinent part:

Sec. 3.5. Where any child lives with his mother and a stepfather, the amount of the grant made pursuant to section 3 of this chapter shall be computed after consideration is given to the income of the stepfather. The county granting aid shall determine if the stepfather is able to support the child either wholly or in part. The determination shall be based upon the same schedule used to measure the ability of children twenty-one (21) or over and parents of Blind and Disabled children twenty-one (21) and over to provide support for their respective parents and children, who have applied for or are receiving assistance under the provisions of IC 1971, 12–1. In applying said schedule, the counties shall include as members of the stepfather's family all persons whose support he is legally responsible. Within two (2) years of the effective date of this Act and every two (2) years thereafter, the above schedule shall be adjusted by the State Department of Public Welfare for cost of living changes.

Notwithstanding the provisions to the contrary a stepfather is bound to support, if able to do so, his wife's children if such children reside with him and if without support from such stepfather they would be children eligible for aid under this chapter.

A natural father is not relieved of any legal obligation to support his children by the liability for their support imposed upon their stepfather by this section.

Defendants next contend that the Eleventh Amendment [4] to the Constitution of the United States precludes this court from exercising jurisdiction over the matter before us. Defendants argue that the relief sought here renders this suit one against the State of Indiana even though state officials are the nominal defendants. *See* generally Kennecott Copper Corp. v. State Tax Commission, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

This court finds defendants' argument devoid of merit. Plaintiffs seek to prospectively enjoin state officials from enforcing an allegedly unconstitutional statute and regulation. The principle has been well embedded since Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908), that when injunctive or declaratory relief is sought, the federal courts can exercise their equity powers against state officials to protect rights secured and activities authorized by paramount federal law, and the Eleventh Amendment is no jurisdictional bar to such relief. *See, e. g.*, Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed. 2d 701, Brennan, J., concurring at 106, 91 S.Ct. at 687 (1971); Griffin v. School Board of Prince Edward County, 377 U.S. 218, 228, 84 S.Ct. 1226, 12 L. Ed.2d 256 (1964); Georgia Railroad and Banking Co. v. Redwine, 342 U.S. 299, 304, 72 S.Ct. 321, 96 L.Ed. 335 (1952).

Defendants direct this court's attention to Westberry v. Fisher, 309 F.Supp. 12 (D.Me.1970), as support for their proposition concerning the preclusive effect of the Eleventh Amendment. However, *Westberry, supra,* merely found the Eleventh Amendment barred the recovery of damages from state welfare officials. Indeed, the plaintiffs in *Westberry, supra,* in an earlier stage of the litigation were granted prospective injunctive relief quite similar to the relief sought here. *See* Westberry v. Fisher, 297 F.Supp. 1109 (D.Me.1969). In another recent welfare decision, Francis v. Davidson, 340 F.Supp. 351 (D.Md.1972), the court did find the Eleventh Amendment a bar to requiring the state to make retroactive welfare payments, but, like *Westberry, supra,* the court in *Francis, supra,* granted prospective injunctive relief. Plaintiffs in this action have not sought retroactive relief.

In granting injunctive relief in cases such as the one before this court, the federal courts are not ordering or requiring the state or state officials to continue payments to welfare recipients. The relief granted in such cases merely provides that state officials may not terminate or reduce welfare benefits under the auspices of an unconstitutional state statute, or that such benefits may not be terminated or reduced under the authority of a statute or regulation which is found inconsistent with the Social Security Act of 1935 in those states, such as Indiana, which have agreed to comply with that act and the regulations thereunder.

Finally, this court would note that if defendants' position regarding the jurisdictional bar of the Eleventh Amendment is correct, a great number of federal district court judgments are void, and the Supreme Court has affirmed many of these void judgments. *See, e. g.*, Doe v. Swank, 332 F.Supp. 61 (N.D. Ill.1971), aff'd sub nom. Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971); Rodriquez v. Swank, 318 F.Supp. 289 (N.D.Ill.1970), aff'd, 403 U.S. 901 (1971); Grubb v. Sterrett, 315 F.Supp. 990 (N.D.Ind.1970), aff'd, 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182 (1971); Gaddis v. Wyman, 304 F.Supp. 717 (S.D.N.Y.1969), aff'd sub nom. Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L.Ed.2d 38 (1970); Thompson v.

---

4. U.S.Const. Amend. XI provides:
 The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Shapiro, 270 F.Supp. 331 (D.Conn.1967), aff'd, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969).

## APPLICATION FOR PRELIMINARY INJUNCTION

In support of their motion for preliminary injunction, plaintiffs submit that if the provisions of Public Law 93 and DPW Bulletin No. 275 are implemented, the needy, dependent plaintiff-stepchildren will be irreparably harmed in that their only reliable, legally enforceable source of food and shelter will be removed. Plaintiffs further contend that there is a probability that they will succeed on the merits in their constitutional and statutory challenge to Public Law No. 93 and DPW Bulletin No. 275. We agree.

Defendants argue in opposition to plaintiffs' motion that the statute and regulation in question do not result in a reduction or termination of AFDC assistance unless the stepfather has "substantial income" as computed by the guidelines of DPW No. 275. Therefore, defendants submit there is no irreparable harm to the named plaintiffs because the stepfathers here have "substantial income" as determined by DPW No. 275, and they have testified that they would "do the best they could to help their stepchildren" if AFDC benefits were stopped. Defendants' argument, however, ignores the crux of plaintiffs' contention. Public Law No. 93 does not provide the stepchildren or their natural or adoptive mothers with any means of enforcing the purported obligation of the stepfather. Public Law No. 93 merely amends the existing Indiana welfare provisions and is unlike the obligations imposed upon natural fathers, which obligations are enforceable through several available remedies. *See* Ind.Stat.Ann. § 10–1402 (Burns 1956 Repl.), IC 1971, 35–14–5–2; Ind.Stat. Ann. § 38–116 (Burns 1971 Supp.), IC 1971, 31–1–9–10. Under Public Law No. 93, a stepfather could be as wealthy as Croesus and yet the stepchild would

have no legal means to force that stepfather to provide his or her support. The named plaintiff stepfather's unenforceable promise that he would help his stepchildren "as best he could" if AFDC were terminated is no substitute for a legally enforceable duty of support. Moreover, plaintiffs concede that *voluntary* contributions to the stepchild's support may be considered in determining need, but the gratuitous promise of support from a stepfather is, under Public Law No. 93, no more binding than the same promise from a total stranger. Furthermore, a voluntary promise of support from the named plaintiffs does not assure that the remaining stepfathers, who are similarly situated, would contribute to the support of their stepchildren unless legally obligated to do so.

■ Although plaintiffs contend that Public Law No. 93 and DPW No. 275 are violative of the equal protection clause of the Fourteenth Amendment and are inconsistent with 42 U.S.C. § 606(a), we are obliged to adjudicate the statutory claim in preference to the constitutional claim if it is unnecessary to reach the constitutional question. Rosado v. Wyman, 397 U.S. 397, 402, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970); King v. Smith, 392 U.S. 309, 312 n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Because we find the statute and regulation in question to be inconsistent with 42 U.S. C. § 606(a) as interpreted by 45 C.F.R. § 233.90(a), we need not reach that constitutional question at this time.

■ As was noted above, under the federal regulation the presence of a stepparent in the home will disqualify a child otherwise eligible for AFDC only if under state law of general applicability the stepparent is required to support the stepchild to the same extent that natural and adoptive parents are required to support their children. 45 C. F.R. 233.90(a). The legal question presented therefore is whether Public Law No. 93 is a state law of general applicability and whether it does require stepparents to support stepchildren to

the same extent as natural or adoptive parents. We conclude it does not.

Public Law No. 93 purportedly obligates a stepfather to support his stepchildren only if they reside with him. Public Law No. 93 only applies to stepfathers; it makes no mention of the obligation of a stepmother. Public Law No. 93 applies only if the stepchild would otherwise be eligible for AFDC assistance. The Indiana statutory provisions requiring a natural or adoptive father to support his children do not place the above-mentioned conditions on such obligation. Ind.Stat.Ann. § 10–1402, § 38–116, *supra*. Furthermore, Ind.Stat.Ann. § 38–116, *supra,* provides for the statutory obligation of natural or adoptive *mothers* to support their children under specified conditions. Finally, Public Law No. 93 provides no remedy for enforcement of the purported obligation, while the obligation of a natural or adoptive father in Indiana can be enforced through either a criminal or civil proceeding. *See* Ind.Stat. Ann. § 10–1402, § 38–116, *supra.*

Concerning the interpretation of the federal regulation in question here, it should be noted that the Supreme Court in Rosado v. Wyman, *supra*, suggested that a court could benefit from obtaining the views of the agency primarily concerned with the particular provision under scrutiny. *Rosado, supra* at 406–7, 90 S.Ct. 1207. Fortunately, this court has the benefit of those views. In Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970), where the court upheld the validity of 45 C.F.R. § 233.-90(a), the position of HEW concerning this regulation was stated in an *amicus* brief filed by that agency. The Secretary of HEW contended that:

. . . an individual cannot be considered a § 406(a) 'parent' unless he owes to the children of the family in which he is living the type of state-imposed duty of support required of an actual or adoptive parent, *viz.* a duty of general applicability which he could be compelled by court order to fulfill even after he has deserted or abandoned the household and regardless of whether the children would otherwise receive AFDC payments. (Brief for HEW as amicus curiae at 23, *Lewis, supra.*)

Furthermore, regarding the view of HEW as applied to the particular statute here, the Regional Commissioner of HEW advised the Indiana State Department of Public Welfare in March of 1972 that implementation of Public Law No. 93 would raise "serious questions of compliance" with federal regulations.

Considering the foregoing, it is obvious to this court that Public Law No. 93 is not a state law of general applicability requiring the stepparent to support the stepchild to the same extent natural and adoptive parents are required to support their children.[5] Therefore, we conclude that there is a probability of plaintiffs' success on the merits in their statutory challenge to Public Law No. 93 and DPW No. 275.

Since this court has concluded it need not reach the constitutional question involved, there is no need to generally declare Public Law No. 93 invalid. However, to the extent Public Law No. 93 and DPW No. 275 are inconsistent with federal regulations, they may not be used as the vehicle to terminate or reduce AFDC payments so long as the State of Indiana shall participate in the AFDC program under the Social Security Act of 1935, 42 U.S.C. §§ 601 et seq., as Indiana has statutorily agreed to do in Ind.Stat.Ann. §§ 52–1113, 52–1113a, *supra*. *See* Rosado v. Wyman, *supra* at 420, 90 S.Ct. 1207; Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d

5. It is of some significance that an Oregon state court has found a statute similar to the one in question to be inconsistent with 45 C.F.R. § 233.90(a) on substantially the same grounds. Bunting v. Juras, Multnomah County Circuit Court, Oregon, No. 375–880, March 8, 1972.

448 (1971), Burger, C. J., concurring at 508.

This opinion constitutes the court's findings of fact and conclusions thereon as required by Fed.R.Civ.P. 52(a).

Accordingly, defendants' motion to dismiss is hereby denied. Plaintiffs' motion for preliminary injunction is hereby granted. Because of the nature and effect of the preliminary injunction, no bond will be required of plaintiffs.

## PRELIMINARY INJUNCTION

This court having considered the affidavits, testimony, arguments and briefs of the parties and having concluded that Public Law No. 93 and DPW Bulletin No. 275 are not in compliance with 42 U.S.C. § 606(a) and the regulations promulgated thereunder, and having further concluded that plaintiffs and the members of the class they represent will suffer irreparable harm if the implementation of these nonconforming provisions is not enjoined, it is hereby ordered that the defendants, William R. Sterrett, the members of the Indiana State Board of Public Welfare, their agents and employees, and all those acting by and through them are preliminarily enjoined until further order from enforcing Public Law No. 93 and DPW Bulletin No. 275 to the extent those provisions would terminate or reduce AFDC benefits to plaintiffs otherwise eligible for those benefits so long as the State of Indiana shall participate in the AFDC program under the Social Security Act, 42 U.S.C. § 601 et seq.

It is further ordered that the Indiana State Department of Public Welfare, its officers, employees and agents shall, on or before sixty (60) days of the date of this opinion, notify by first class United States mail the named plaintiffs and all members of their class, whose AFDC assistance has been terminated or threatened with termination pursuant to DPW Bulletin No. 275, that they, if otherwise eligible, remain eligible for such assistance under the terms of this order.