Alverta Hill **FRYE** et al., Plaintiffs,

v.

William **LUKEHARD** et al.,
Defendants.

Civ. A. No. 73-C-9-C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

Sept. 19, 1973.

Ronald R. Tweel, Albemarle Legal Aid
Society, Charlottesville, Va., for plain-
tiffs.

Karen C. Kincannon, Asst. Atty. Gen.,
Richmond, Va., for defendants.

C. W. Allison, Jr., Covington, Va., for Wm. Cole.

## OPINION and JUDGMENT

DALTON, Chief Judge.

### MEMORANDUM OF AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW ON RETROACTIVE PAYMENTS

This court in its opinion and judgment in Frye v. Lukehard, 361 F.Supp. 60 (1973) enjoined the defendants from enforcing § 63.1–105(a) of the Virginia Code and Regulation 204.1(A) of the Manual of Policy and Procedures for Local Welfare Departments insofar as they conflict with Title IV of the Social Security Act, 42 U.S.C. §§ 601–604 (specifically 42 U.S.C. §§ 602(a) and 606(a)(2)). The state provisions had prohibited members of the class in this action, sixteen and seventeen year-old children not regularly attending school and the supporting parents of these children, from receiving Aid to Families with Dependent Children (AFDC) benefits.

Following the decision of this court to award retroactive benefits to members of the represented class, the defendants filed a motion for this court to amend its findings of fact and conclusions of law pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, and moved that the court stay the enforcement of its judgment pursuant to F.R.C.P. 62(b).

Defendants contend that the Eleventh Amendment to the United States Constitution prohibits this court from awarding retroactive payments. Defendant also asks, assuming that retroactive payments are appropriate, that the court clarify the time period within which such payments must be made, and whether such payments would be appropriate for an individual who was otherwise eligible at the time of application but is no longer in need of public assistance and who could no longer meet the eligibility criteria.

Counsel for both parties have filed extensive memoranda in support of their respective positions which disclose that this court is far from being the first to address the issue of retroactive benefits, and in view of the fact that the Supreme Court has not yet authoritatively spoken on the issue of retroactive welfare payments, it is unlikely that this court will be the last.

After carefully reviewing the papers submitted by the parties, this court has reached what in its opinion is an inescapable conclusion: that if retroactive payments were to be awarded, under the guise of proceeding against a state officer "stripped of his official or representative character" or otherwise, in the final analysis such a suit would actually have to be one against the state, even though the state is not a named party. The Commonwealth of Virginia is the only real party against which alone in fact the relief is asked, and against which any judgment or decree of this court would effectively operate. *Cf.* In re Ayers, 123 U.S. 443, 505–506, 8 S.Ct. 164, 31 L.Ed. 216 (1887). It is not pretended that these payments would come from the personal resources of defendants. It is clear that such a suit as this in actuality is one against the state, even though the state is not named as a defendant, and it would involve payment of state funds. *Cf.* Murray v. Wilson Distilling Co., 213 U.S. 151, 29 S.Ct. 458, 53 L.Ed. 742 (1909), Hagood v. Southern, 117 U.S. 52, 6 S.Ct. 608, 29 L.Ed. 805 (1886), Louisiana v. Jumel, 107 U.S. 711, 2 S.Ct. 128, 27 L.Ed. 448 (1883). See also De Levay v. Richmond County School Board, 284 F.2d 340 (4th Cir. 1960), O'Neill v. Early, 208 F.2d 286 (4th Cir. 1953).

The case of Shepheard v. Godwin, 280 F.Supp. 869 (E.D.Va.1968) (three-judge court; opinion by Bryan, Circuit Judge; Butzner, Circuit Judge, and Hoffman, District Judge, concurring) is one very close in principle to the case at hand. The court in *Shepheard* ruled that the formula used by the Commonwealth of Virginia for determining state assist-

ance to local school districts, whereby a sum equal to a substantial percentage of federal "impact" funds receivable by a district was deducted from the share otherwise allowable to the district from the state, was unconstitutional as being violative of the Supremacy Clause of the Constitution. The plaintiff school district asked for an order directing the defendants to retroactively restore to them the amounts of state aid which had been withheld by the state in prior years on account of the federal impact funds. The court held, at 876:

> To accomplish this restitution would require an appropriation by the legislature of Virginia. A decree to that effect would be an order to the State to take affirmative political action, and would convert this into a suit against the Commonwealth of Virginia, prohibited by the Eleventh Amendment.

A case square on point is Francis v. Davidson, 340 F.Supp. 351, 370 (D.Md. 1972), aff'd and appeal dismissed, 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972) wherein the three-judge court (opinion by Kaufman, District Judge; Winter, Circuit Judge, and Young, District Judge, concurring), in an action brought under § 1983, held the Eleventh Amendment to bar recovery of retroactive AFDC benefits, because the suit was found in actuality to be one against the state. The Eleventh Amendment issue apparently was not at question when the case went before the Supreme Court. See Davidson v. Francis, 409 U.S. 904, 93 S.Ct. 223, 34 L.Ed.2d 168 (1972).

The above finding that this suit in actuality is one against the Commonwealth of Virginia necessitates that this court amend its opinion and judgment on the issue of retroactive benefits, since the suit must fail for want of jurisdiction for two reasons.

First, under 42 U.S.C. § 1983 suits may be maintained only against a "person" who under color of state law deprives another of his civil rights. See Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). It is clear that a state is not a person within the meaning of § 1983 where equitable relief is sought, any more than it is when damages are sought. See Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973) (a city is not a "person" under § 1983); Moor v. Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (May 14, 1973) (a county is not a "person" under § 1983); United States ex rel. Gittlemacker v. Pennsylvania, 281 F.Supp. 175 (E.D.Pa.1968), aff'd, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696, 24 L.Ed.2d 691 (1970) (a state is not a "person" under § 1983); Francis v. Davidson, supra, 340 F.Supp., at 370 (state not a "person").

Secondly, defendants have urged most stringently that the Eleventh Amendment,[1] as extended to cover suits against a state by citizens of that state in Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), stands as a bar to any decree of this court ordering "restitution" in the form of retroactive payments, as such would eventually necessitate an appropriation by the Virginia Assembly, and would in effect be an order to the state to take affirmative political action which it cannot be said to have consented to take.

It has, of course, been a familiar principle since Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908) that the Eleventh Amendment does not prevent a federal court from directing a state official to bring his conduct into conformity with federal law. Indeed, the injunctive relief given by this court against defendants rests upon this doctrine. Plaintiffs insist that this court

---

1. The Eleventh Amendment states:

   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

may, without colliding with the Eleventh Amendment, go further and include within its decree a direction that defendants shall restore the sums which, under a course of conduct which they are now enjoined from pursuing, were withheld from those entitled to AFDC benefits.

Our reading of *Ex parte Young* and subsequent cases in which the doctrine enunciated therein has been applied discloses no instance in which the doctrine has been utilized to formulate other than prospective relief [2]—usually in the form of an injunction prohibiting a state officer from enforcing a state statute which has been declared unconstitutional. Indeed, the Supreme Court may have expressly intended such a limitation, for it stated in Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L. Ed. 1628 (1949) in a much debated footnote:

> Of course, a suit may fail, as one against the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested cannot be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property.

337 U.S. at 690, n. 11, 69 S.Ct. at 1462.

If this court were to grant the relief requested by plaintiffs, it would be exercising its equity power. The court would first have to determine if retroactive payments are more like a prospective injunction permissible pursuant to the doctrine of *Ex parte Young,* or more like an order to take affirmative political action requiring a special appropriation from the state treasury, prohibited by the Eleventh Amendment. We have concluded that this case must be included in the latter category, as it is not wholly federal in character, and if this court were to order retroactive benefits, the Commonwealth of Virginia inevitably would be required to finance at least part of those benefits. The Eleventh Amendment must stand for something; this court is of the opinion that this is one of those instances to which its immunity applies.

■■ While a state may waive the immunity of the Eleventh Amendment, see for example Parden v. Terminal Railway of the Alabama State Docks Department, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), as recently limited by Employees of the Department of Public Health and Welfare v. Department of Public Health and Welfare, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973), there is nothing in the record of this case indicating that the Commonwealth of Virginia has done so insofar as actions such as the present are concerned—indeed, the Commonwealth has vigorously denied having made such a waiver. Mere participation by a state in a federal grant-in-aid program does not amount to a waiver of the Eleventh Amendment.[3] Daye v. Commonwealth

---

2. Griffin v. County School Board of Prince Edward County, 337 U.S. 218, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1964) admittedly required broad relief, but of a prospective nature only, not encompassing any element of retroactivity in the scope of relief. A similar observation can be made of the other cases cited by plaintiffs, in that while these cases do indirectly require an expenditure from a state treasury, they are cast principally in the form of injunctions requiring state officials to conform their conduct with paramount federal law. Wyatt v. Stickney, 344 F.Supp. 373 (M.D. Ala.1972), for example, required only changes in the operation of state mental institutions, and Jones v. Wittenberg, 330 F.Supp. 707

(N.D.Ohio 1971), aff'd sub nom., Jones v. Metzer, 456 F.2d 854 (6th Cir. 1972) ordered that a different use be made of funds already allocated for supporting the county jails.

3. This court notes the adoption by Virginia of the so-called "fair hearing" regulations promulgated by the Department of Health, Education and Welfare, which provide a state administrative procedure under which retroactive benefits may be awarded to a person who has been wrongfully refused welfare payments. See 45 C.F.R. 205.10(b)(2) and (3) and § 803.3D of the Virginia Manual of Policy and Procedure for Local Welfare Departments. These regulations, in the court's view,

of Pennsylvania, 344 F.Supp. 1337 (E. D.Pa.1972) (in this instance, the Federal-Aid Highway Act was involved). We do not find such a waiver in the mere fact that Virginia has elected to receive federal funds to supplement welfare benefits that it has chosen to provide its citizens.

In concluding that plaintiffs' claim for "restitution" from defendants in their representative capacities as state officials is in effect a suit against the Commonwealth of Virginia of which a federal court does not have jurisdiction, this court is aware that in several recent welfare cases other federal courts have awarded retroactive payments of benefits wrongfully withheld, some of which have been summarily affirmed by the Supreme Court. However, in the most recent decision of the Court on this issue, Edelman v. Townsend, 412 U.S. 914, 93 S.Ct. 2733, 37 L.Ed.2d 141 (1973), the Court vacated and remanded the lower court opinion, sub nom. Alexander v. Weaver, 345 F.Supp. 666 (N.D.Ill. 1972) (three-judge court) which had awarded retroactive AFDC benefits. The Eleventh Amendment question was apparently the only one presented to the Court on appeal. See 41 U.S.L.W. 3559 (April 17, 1973). Edelman v. Townsend, *supra*, is the same case as Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971) upon which this court based its decision of June 11, 1973, after *Townsend* had been narrowed to the issue of the power of a federal court to order retroactive benefits.

The Court now has the Eleventh Amendment issue before it in another case where retroactive welfare benefits were awarded by a lower court, Jordan v. Weaver, 472 F.2d 985 (7th Cir. 1973), cert. granted sub nom., Edelman v. Jordan, 412 U.S. 937, 93 S.Ct. 2776, 37 L.

Ed.2d 398 (1973). No decision has yet been rendered.

The Supreme Court has admittedly summarily affirmed judgments awarding retroactive payments. In Zarate v. State Dept. of Health and Rehabil. Service, 407 U.S. 918, 92 S.Ct. 2462, 32 L. Ed.2d 803 (1972), affirming, 347 F. Supp. 1004 (S.D.Fla.1971) (three-judge court) it affirmed a lower court opinion granting retroactive welfare payments. Apparently, the sole issue before the Court was whether the Eleventh Amendment bars a suit for retroactive benefits. See 40 U.S.L.W. 3571 (No. 71–1435) (May 30, 1972). An award of retroactive benefits was also upheld in Sterrett v. Mothers' and Children's Rights Organization, 409 U.S. 809, 93 S. Ct. 68, 34 L.Ed.2d 70 (1972), affirming sub nom. Carpenter v. Sterrett, unreported judgment and order (No. 70 F 138) (N.D.Ind.1972), on remand from, 405 U.S. 971, 92 S.Ct. 1199, 31 L.Ed.2d 246 (1972). The Eleventh Amendment was one of the issues on appeal to the Supreme Court. See 41 U.S.L.W. 3126 (No. 72–83) (Sept. 12, 1972).

In six earlier cases, the Supreme Court summarily affirmed judgments which included awards of retroactive welfare benefits, but the Eleventh Amendment was not brought before the Supreme Court in these cases: Gilliard v. Craig, 409 U.S. 807, 93 S.Ct. 39, 34 L.Ed.2d 66 (1972), rehearing denied, 409 U.S. 1119, 93 S.Ct. 892, 34 L.Ed.2d 704 (1973), affirming, 331 F.Supp. 587 (W.D.N.Car.1971) (three-judge court); Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971), affirming, Doe v. Swank, 332 F.Supp. 61 (N.D.Ill. 1971) (three-judge court); Rodriguez v. Swank, 403 U.S. 901, 91 S.Ct. 2202, 29 L.Ed.2d 677 (1971) affirming, 318 F. Supp. 289 (N.D.Ill.1970) (three-judge

---

do not afford a jurisdictional base for a federal court to order that such retroactive payments be made. We leave it to plaintiffs to pursue such an avenue of relief if it is indeed available.

HEW has apparently sought a statutory amendment which would permit it to require

retroactive payments to eligible persons denied them by a non-conforming state. *See* Rothstein v. Wyman, 467 F.2d 226, 241 (2nd Cir. 1972), citing H.R. 16311, 91st Cong., 2d Sess. c. 169–170 (Committee print on Nov. 5, 1970 before the Senate Committee on Finance).

court); Grubb v. Sterrett, 400 U.S. 922, 91 S.Ct. 187, 27 L.Ed.2d 182 (1971), affirming, 315 F.Supp. 990 (N.D.Ind. 1970) (three-judge court); Wyman v. Bowens, 397 U.S. 49, 90 S.Ct. 813, 25 L. Ed.2d 38 (1970), affirming sub nom., Gaddis v. Wyman, 304 F.Supp. 717 (S. D.N.Y.1969) (three-judge court) (order at CCH Pov. L. Reptr. Transfer Binder ¶ 10,506). The court in Shapiro v. Thompson, 270 F.Supp. 331, 338 n. 5 (D.Conn.1967) (three-judge court), aff'd, 394 U.S. 618, 89 S.Ct. 1322, 22 L. Ed.2d 600 (1969), did dismiss the Eleventh Amendment argument in a footnote, but the issue apparently was not raised on appeal to the Supreme Court. Numerous other lower court decisions have awarded retroactive benefits, without specific discussion of the Eleventh Amendment issue.

Illustrative of those cases in which retroactive welfare benefits have been denied are Rothstein v. Wyman, 467 F. 2d 226 (2nd Cir. 1972), cert. denied, 411 U.S. 921, 93 S.Ct. 1552, 36 L.Ed.2d 315 (1973), rehearing denied, 411 U.S. 988, 93 S.Ct. 2276, 36 L.Ed.2d 966 (1973), wherein the Eleventh Amendment issue was analyzed and specifically held to bar an action similar to that in the case at hand, and Francis v. Davidson, *supra,* which also set up the Eleventh Amendment as a bar.

### RELIEF

For the reasons set forth in this opinion, this court holds that each member of the plaintiff class is entitled to prospective relief only from the date of this court's opinion on June 11, 1973.

This court has earlier enjoined defendants from enforcing § 63.1–105(a) of the Virginia Code and Regulation 204.1(A) of the Manual of Policy and Procedures for Local Welfare Departments insofar as they conflict with para-

mount federal law. It shall further be the duty of the defendants to determine from their files those persons who have been denied, or had terminated, benefits by cause of § 63.1–105(a) and Regulation 204.1(A) since June 11, 1973 to the present. A notice shall be sent with the next payment from the date of this order which will notify present recipients of their entitlement to these benefits if they were not receiving them on June 11, 1973, and were otherwise eligible, and shall inform them of the procedure to be used in obtaining them, if such has not already been done by defendants. Within sixty days from the date of this order, the defendants will give notice individually in writing, or make all reasonable efforts to give the best notice practicable under the circumstances, to each member of the class who is currently not receiving AFDC payments, either because assistance was denied or terminated, of his entitlement to these benefits and the procedure to be used in obtaining them.[4]

Payments made pursuant to his order will not be affected by current ineligibility if the party was eligible at any time since June 11, 1973. Any payments made pursuant to this order that have accrued since June 11, 1973, to those currently receiving welfare assistance shall not be counted as a cash asset under § 304.3(b) of the Manual of Policy and Procedures for Local Welfare Departments, and such payments shall in no manner otherwise affect current assistance received by any recipient.

If further developments, such as a decision in Edelman v. Jordan, *supra,* contrary to the holding of this court, lead any member of the plaintiff class to believe that he is entitled to retroactive payments, further application for such relief may be timely made to this court under such circumstances.

---

4. The court is aware of the practical difficulties faced by defendants in giving such notice, *see* the opinion of this court in Lawson v. Brown, 349 F.Supp. 203 (W.D.Va.1972), but is of the opinion that any administrative burden will not be so great as to war-

rant denial of relief. To borrow a phrase from Alexander v. Weaver, *supra,* 345 F. Supp., at 674: "Yesterday's physical suffering ought not be written off against tomorrow's administrative distress."

In view of the amendment of findings of fact and conclusions of law made by this court, the court sees no reason why it should grant defendants' motion for a stay of enforcement pursuant to F.R.C. P. 62(b), and, accordingly, the motion is denied. In addition, such a disposition renders unnecessary any opinion by this court as to the applicability of § 8–24 of the Virginia Code, as amended in 1973, which imposes a one-year statute of limitations on all actions brought under 42 U.S.C. § 1983.

It is so decreed and ordered.

Since this opinion was written, the Fourth Circuit has held in Dawkins v. Craig, 483 F.2d 1191 (1973) that the Eleventh Amendment does indeed bar this court from ordering retroactive AFDC payments. The Eleventh Amendment issue was the sole question before the court.