LEO T. BERNARDI, JR., Appellee, v. JEANETTE
CHAMBLY BERNARDI.—302 S. W. (2d) 63.

Western Section.    December 20, 1956.

Petition for Certiorari denied by Supreme Court April 1, 1957.

Poston Cox, Divorce Proctor of Shelby County, Tenn., Memphis, for appellant.

Jake Green, of Green, Calhoun, & Phelan, Memphis, for appellee.

BEJACH, J. This cause involves an appeal by the Hon. Poston Cox, Divorce Proctor of Shelby County, Tennessee, from a decree of divorce granted in the Circuit Court of Shelby County to Appellee, Leo T. Bernardi, Jr., from his wife, Jeanette Chambly Bernardi, May 28, 1956. The suit was not contested by the defendant, Jeanette Chambly Bernardi, although she had been personally served with process in the cause. Complainant, Leo T. Bernardi, Jr., had previously filed another suit for divorce on May 16, 1955 against the defendant, Jeanette Chambly Bernardi, which had been dismissed without prejudice September 23, 1955 by Hon. Harry Adams, Judge of Division I of the Circuit Court of Shelby County, Tennessee, before whom the present cause was also tried. Apparently the first suit was dismissed for lack of jurisdiction, although the order of dismissal without prejudice does not so recite. The bill of exceptions, which is in narrative form, recites that at the trial of the present cause the Divorce Proctor called attention of the Court to the fact that the Court had already tried this cause on a previous date and same had

been dismissed by the Court for lack of jurisdiction; and recites that the Court stated he remembered the case distinctly.

The complainant, Leo T. Bernardi, Jr., testified that his father and mother had been divorced many years ago; that his father's home is in Massachusetts, and that his mother lives in California; that he had not seen either his mother or his father for more than six years; and that about six years ago he went to live with foster parents in Mobile, Alabama, at which place, about five years ago, he enlisted in the United States Navy, giving Mobile, Alabama as his place of residence. He testified that he was transferred to the Naval Base at Millington, Shelby County, Tennessee in the early part of December, 1954, at which place he has been stationed since that date; and that on January 21, 1955 he married Jeanette Chambly who was then 18 years of age. He testified that immediately after the marriage he and the defendant both agreed to make Memphis their permanent home. He said that he had asked defendant about her residence and that she stated that her parents lived in Mississippi, and being a minor she was advised that her home would be in Mississippi, but as a matter of fact, "her home was where she hung her hat", and that she had lived in Memphis since the early part of 1954. Complainant Bernardi also testified that much of his military service has been in connection with the fire department of the United States Navy, and that, pursuant to his plan of making Memphis his permanent home, he had checked with both the Civil Service authorities and the Memphis Fire Department about a job as fireman in Shelby County, Tennessee; that he was advised that upon his discharge from military service, the possibilities of his securing a

job as fireman were excellent, and that it was his plan to secure said job. He testified that just prior to the trial of this cause he had secured a permanent registration certificate for voting in Shelby County, Tennessee, which certificate was exhibited to the Court and bears date March 2, 1956.

Complainant Bernardi testified that on two separate occasions he had returned to the home of complainant and defendant in Memphis unexpectedly and had found defendant in company of other men; and that defendant admitted to him that she had gone to bed with other men and would continue to do so; and that as a result of said misconduct of defendant, he had suffered great mental anguish and embarrassment, had separated from her on March 31, 1955, and that they had not lived together since that date. He also testified that he notified the legal officer at the Millington Naval Base of his wife's misconduct; and that as a result, a hearing was conducted by the legal department of the United States Navy at Millington in April, 1955 which resulted in an adjudication that defendant was guilty of adultery and therefore the allotment to her from complainant's pay was discontinued. Complainant further testified that after the separation his wife continued her course of misconduct with personnel from the Millington Naval Base as well as with civilians.

In addition to his own testimony, complainant Leo T. Bernardi offered in evidence that of John Bratton, an enlisted man at the Millington Naval Station, and Lt. Jerry Dempsey, legal officer at the Millington Naval Base. Bratton's testimony tended to corroborate that of complainant, both as to the misconduct of defendant and as to the complainant's intention to make Shelby

County, Tennessee his home. Lt. Dempsey testified that he had participated in the investigation and hearing of the case against defendant that was conducted at the Millington Naval Base; and that as a result of said investigation, he took statements from the complainant, the defendant, and several witnesses; that the defendant admitted her guilt, and that the hearing resulted in the cancellation of her allotment.

At the conclusion of the proof on April 25, 1956, the Divorce Proctor moved for dismissal of the cause for lack of jurisdiction, contending that complainant is not a resident citizen of the State of Tennessee, or Shelby County, as is required by the divorce statutes of this State. After argument, the motion was taken under advisement by the Court. Under date of May 18, 1956, Hon. Harry Adams, Judge of Division I, Circuit Court of Shelby County, Tennessee, wrote a letter to Mr. Jake Green, complainant's attorney, and Mr. Poston Cox, the Divorce Proctor, in which he said that the grounds for divorce were made out under the proof, and, after careful consideration, the Court had come to the conclusion, under the particular facts proven in this case, that he had jurisdiction. A copy of this letter is included in the record, and we have treated it as a memorandum opinion of the trial court.

At any rate, pursuant to this informal opinion, a decree of divorce on the grounds of cruel and inhuman treatment was entered May 28, 1956,—to which decree the Divorce Proctor of Shelby County, Tennessee excepted and prayed an appeal, which has been perfected.

The Divorce Proctor, in this Court, concedes the sufficiency of the proof establishing the grounds for divorce,

but questions the jurisdiction of the Court. He has filed only one assignment of error, which is as follows:

"The Court erred in assuming jurisdiction of this cause as Appellee was not a resident citizen of Shelby County, Tennessee, as required by the divorce statutes of the State of Tennessee."

The jurisdictional question here involved turns on the proper construction of sec. 36-804, Tennessee Code Annotated which was sec. 8429 in the Code of 1932. This Code Section provides:

"The bill or petition may be filed in the proper name of the complainant, in the chancery or circuit court of the county where the parties resided at the time of their separation, or in which the defendant resides, or is found, if a resident, but, that if a non-resident or convict, then in the county where the applicant resides."

The principal contention of the Divorce Proctor is that the evidence in this cause is insufficient to establish as a fact that the complainant, Leo T. Bernardi, Jr., at the time of his marriage to the defendant, and at the time of the institution of the present suit, had acquired a bona fide residence in Shelby County, Tennessee. His contention is that Bernardi, being an enlisted man in the United States Navy, was in Shelby County, Tennessee only because his orders required him to be there, and that, if and when he were ordered elsewhere, he would, of necessity, be removed away from Shelby County, Tennessee. The Divorce Proctor concedes that it is not impossible for a sailor or soldier, in the service of the United States, to abandon his former domicile or place of resi-

dence and acquire a new domicile in Tennessee; but he contends that the clearest and most unequivocal proof of the intention to acquire such a new domicile is required, and that the evidence in the instant case falls short of that required measure or quantum of proof. For this contention he cites and relies on the cases of Tyborowski v. Tyborowski, 28 Tenn. App. 583, 192 S. W. (2d) 231, and Sturdavant v. Sturdavant, 28 Tenn. App. 273, 189 S. W. (2d) 410.

The case of Tyborowski v. Tyborowski involved a suit for divorce by a staff sergeant who was stationed at Berry Field in Davidson County, Tennessee. He did not allege in his petition, nor testify, nor offer to testify, that he intended to make this State his permanent home; and as was held by the Court, "He lived in Davidson County because he was compelled to do so, not from choice." [28 Tenn. App. 583, 192 S. W. (2d) 232.] The opinion in this case written for the Middle Tennessee Section of the Court of Appeals by Hickerson, J., quotes with approval from the Texas case of Wilson v. Wilson, Tex. Civ. App., 189 S. W. (2d) 212, 213, the language relied upon by the Divorce Proctor in the instant case, which is as follows:

"In order to be an inhabitant one must acquire a domicile or home, and it must have the stamp of permanency on it. There must not only be an intention to establish a permanent domicile or home, but the intention must be accompanied by some act done in the execution of the intent. A soldier can abandon his domicile of origin and select another, yet, in order to show a new domicile during the term of enlistment, there must be the clearest and most unequivocal proof."

The case of Sturdavant v. Sturdavant, 28 Tenn. App. 273, 189 S. W. (2d) 410, 411, involved a suit by Welma Sturdavant against James F. Sturdavant to annul a decree of divorce granted in the Chancery Court of Coffee County, Tennessee. The defendant in that cause who had been the complainant in the Coffee County divorce suit, was a Major in the United States Army on duty at Camp Forest near Tullahoma, Tennessee, where he was stationed, both at the time of obtaining the divorce and at the time of his wife's suit to annul same. The divorce decree was revoked by decree of the Chancery Court of Coffee County, and in affirming that decree, the Middle Tennessee Section of the Court of Appeals, speaking through Howell, J., said:

"(1, 2) It is true that the proceedings in the divorce case seem to be regular in every respect and the decree was granted upon a hearing on pro confesso. It is also true that the law in Tennessee at this time does not require any further effort to give a defendant actual notice of the filing of a bill for divorce than the ordinary publication. A pro confesso, however, does not admit or give the Court jurisdiction of the complainant.

"(3-7) It is well settled that a domicile once required is not lost until a new one is established. Under the facts of this case the question is whether or not the complainant was a resident of Tennessee so as to give the Chancery Court of Coffee County jurisdiction to grant a divorce. The defendant says that he intended to live in Middle Tennessee permanently. Before a new domicile can be acquired a home must be actually established with the intention to remain. No change of domicile can be effected by a mere state-

ment of an intention not accompanied by some act in accord with this intention. There must be a concurrence of actual change of residence and the intention to abandon the old and acquire a new domicile. See Sparks v. Sparks, 114 Tenn. 666, 88 S. W. 173. The mere intention to live at a place at some future time or upon the happening of some uncertain event is not sufficient. In this cause the defendant, a Major in the United States Army and a resident of Chicago, was sent to Camp Forest. He testified that he had an intention of living in Middle Tennessee. We do not think these facts make him a resident of Coffee County, Tennessee, so as to give the Court of that County jurisdiction to entertain a divorce bill filed by him.

\*      \*      \*      \*      \*      \*

"(10) It is true that the defendant would not have been precluded from establishing a domicile in the State of Tennessee by reason of the fact that he was in the United States Army and at Camp Forest under orders of the Military Authorities, if he had so desired. See Percy v. Percy, 188 Cal. 765, 207 P. 369; Hawkins v. Winstead, [65 Idaho 12] 138 P. (2d) 972, and many other cases.

"(11) We find, however, that in this case there is nothing to indicate a change of domicile except the self serving declarations of the defendant that he had such intentions. These are not sufficient." Sturdavant v. Sturdavant, 28 Tenn. App. 273, 277-280, 189 S. W. (2d) 410.

The facts of the instant case may be easily distinguished from those of either the Sturdavant case or the Tyborowski case. In the case at bar, the proof estab-

lishes repeated declarations by the defendant of his intention to make Shelby County his future home, which statements were supplemented by inquiries looking towards obtaining a position as fireman after his term of enlistment has ended; but more important still, he married in Shelby County, Tennessee, and while he was living with his wife they established their matrimonial domicile in Shelby County, Tennessee. If it be said of his statements as to his intention to make Shelby County, Tennessee, his future home, that these were merely self-serving declarations such as were held to be insufficient when made by the Major in the Sturdavant case, certainly the same cannot be said of his matrimonial venture, which must be assumed to have been undertaken in good faith. In any event, the learned trial judge ruled that he had jurisdiction of the cause and granted a divorce. This must be treated by us as a finding of fact that either the plaintiff, or the defendant, or both of them, were domiciled in Shelby County, Tennessee. If either or both were so domiciled, the court had jurisdiction. Gettys v. Gettys, 71 Tenn. 260, 31 Am. Rep. 637; Brown v. Brown, 155 Tenn. 530, 296 S. W. 356. In that situation, the cause having been tried in the lower court without the intervention of a jury, under the provisions of sec. 27-303, Tenn. Code Ann., the cause is before us with a presumption of the correctness of the judgment of the trial court, unless the preponderance of the evidence is otherwise. Certainly we cannot say on the record before us, that the preponderance of the evidence is against the judgment of the learned trial judge.

Even if we are wrong about the domicile or legal residence of plaintiff Leo T. Bernardi, Jr. having been Shelby County, Tennessee at the time of filing of this suit in this

cause, the jurisdiction of the court can be sustained on the ground that defendant, Jeanette Chambly Bernardi, was at that time, a legal resident of or domiciled in Shelby County, Tennessee. The law is well settled in this State that the common law rule, that a wife's domicile necessarily follows that of her husband, no longer obtains, and it is the law that a wife may acquire a domicile separate from that of her husband. Younger v. Gianotti, 176 Tenn. 139, 138 S. W. (2d) 448, 128, A. L. R. 1413; Prater v. Prater, 87 Tenn. 78, 9 S. W. 361, 10 Am. St. Rep. 623. Even though defendant was, at all times involved in this cause, a minor, her marriage to plaintiff emancipated her. Going v. Going, 8 Tenn. App. 690. Aside from her emancipation by marriage to plaintiff, defendant, even though a minor, could have acquired a domicile of her own for the purpose of divorce. Holman v. Holman, 35 Tenn. App. 273, 244 S. W. (2d) 618. If she could have such domicile of her own for the purpose of suing for a divorce, we see no reason why she could not likewise have it as the defendant in a divorce suit. This would seem to follow from the rule that a minor may sue or be sued for divorce without the intervention or assistance of a next friend or guardian ad litem. Kenner v. Kenner, 139 Tenn. 211, 226, 201 S. W. 779, L. R. A. 1918E, 587. At any event, the record establishes that at the time of their marriage, plaintiff and defendant by agreement, established Shelby County, Tennessee as their marital domicile, and that situation must have remained in effect at least up to the time of their separation. Furthermore, the defendant remained in Shelby County, Tennessee until after the institution of plaintiff's second suit (the present one) against her for divorce, and was found in Shelby County for personal service of process

on her in both this and his former suit. This was held in McFerrin v. McFerrin, 28 Tenn. App. 552, 554-555, 191 S. W. (2d) 946, sufficient to warrant the granting of a divorce where the acts complained of as ground for divorce were committed in this State; although, in that case, the suit was dismissed because of a fatal defect in the affidavit to the divorce petition. If the jurisdiction in this cause be held to depend entirely on defendant's residence or domicile in Tennessee at the time of the institution of this suit, assuming for that purpose that the plaintiff's was not in Tennessee, it may, nevertheless, be properly held that the defendant, after her separation from plaintiff, had acquired a legal residence or domicile in Shelby County, Tennessee. Having been emancipated by her marriage to plaintiff, after her separation from him, which was brought about because of her adulterous relations with other men, she remained in Memphis, Shelby County, Tennessee at least until after the filing of the second suit for divorce against her, —more than a year after the separation. As was held by our Supreme Court in Prather v. Prather, 87 Tenn. 78, 9 S. W. 361, 10 Am. St. Rep. 623, a married woman could, under these circumstances, acquire a domicile of her own different from that of her husband.

Much is made by the Divorce Proctor, in his contention that the plaintiff was not a legal resident of Tennessee, or the fact that in his first bill for divorce, plaintiff does not even allege that he was a resident of Shelby County, Tennessee. A copy of this first bill or petition for divorce is included in the record of this cause, and it confirms the Divorce Proctor's contention on this fact. Plaintiff's attorney concedes this omission in the first bill or petition for divorce, but maintains that it is im-

material. He contends that the affirmative allegation to that effect in the second bill or petition for divorce is not inconsistent with this omission from the first bill, because, in the first suit, he was, for jurisdictional purposes, assuming that the residence of the defendant was in Shelby County, Tennessee. We think this contention is well taken in both aspects of same. There is no necessary inconsistency in failing to allege plaintiff's place of residence in the first petition for divorce, and then in the second, alleging that his place of residence is Shelby County, Tennessee. At most, this is merely a circumstance casting doubt on plaintiff's claim of residence in Shelby County, Tennessee, but not a fatal defect where the preponderance of the evidence establishes that he had acquired a legal residence or domicile in Shelby County, Tennessee. Also, it would be immaterial, in view of our holding that the defendant's residence in Shelby County, where she was found when personal service of process on her was had, was sufficient to establish jurisdiction of this cause.

As stated above, the order of dismissal in the first suit for divorce between these parties recites merely that the cause was dismissed without prejudice; but, if it be assumed that such dismissal was because the court at that time conceived that it did not have jurisdiction, then we think the court was in error in so ruling. In any event, the judge had a perfect right to change his mind with reference to that ruling and, at the second trial, we think he made the correct ruling. With reference to this second ruling, the record is silent as to whether it was based on a finding of fact that plaintiff was a resident of Shelby County, Tennessee, that defendant was such resident, or that both of them were. We think,

however, that this is immaterial. As pointed out above, any one or all of these situations would establish jurisdiction of the court to hear this cause. No question is made as to the sufficiency of the evidence to establish ground of divorce alleged in plaintiff's petition; and certainly, since the case of Meeks v. Meeks, 27 Tenn. App. 279, 179 S. W. (2d) 189, the conduct of defendant, as proved against her in this cause, entitled plaintiff to a divorce on the ground of cruel and inhuman treatment, if the court had jurisdiction.

The Divorce Proctor's assignment of error will be overruled, and a decree entered in this Court granting to plaintiff, Leo T. Bernardi, Jr., an absolute divorce from the defendant, Jeanette Chambly Bernardi, on the ground that the defendant, Jeanette Chambly Bernardi, has been guilty of such cruel and inhuman treatment or conduct towards plaintiff, Leo T. Bernardi, Jr., as renders cohabitation unsafe and improper.

The costs of the appeal will be adjudged against plaintiff, Leo T. Bernardi, Jr., and his surety on the cost bond in the lower court.

Avery, P. J. (Western Section), and Carney, J., concur.