Virginia Louisa LAWSON, et al.,
Plaintiffs,

v.

Otis L. BROWN, Director, et al.,
Defendants.

Civ. A. No. 72-C-66-R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Oct. 13, 1972.

* Deleted in revised opinion of Sept. 25, 1972.

David G. Karro, Legal Aid Society of Roanoke Valley, Roanoke, Va., for plaintiffs.

James N. Kincanon, City Atty., H. Ben Jones, Jr., Asst. City Atty., Roanoke, Va., and T. J. Markow, Asst. Atty. Gen., Richmond, Va., for defendants.

## OPINION AND JUDGMENT

DALTON, District Judge.

The present case is a class action brought under 42 U.S.C. § 1983 seeking declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 against defendants who are connected with the Virginia welfare system.

The issue before the court is the constitutionality of § 63.1–105(a) of the Virginia Code and Regulation 204.1(A) of the Manual of Policy and Procedures for Local Welfare Departments. The plaintiffs in this action contend that this section and regulation are in conflict with 42 U.S.C. §§ 601–606 and are therefore rendered unconstitutional by the Supremacy Clause. It is also alleged that these contested sections deny plaintiffs equal protection of the law.

§ 63.1–105(a) reads: "A person shall be eligible for aid to dependent children if he: (a) Has not attained the age of sixteen years, or, if regularly attending school, has not attained the age of twenty-one years; . . ." Regulation 204.1 states "A child is eligible for Aid to Dependent Children (ADC) if he: (A) is under sixteen years of age; or, if sixteen to twenty-one years of age, is regularly attending school; or is a physically or mentally incapacitated child sixteen or seventeen years of age for whom no suitable educational opportunities are available: . . ." § 602(a) reads "A State plan for aid and services to needy families with children must . . . (10) provide, effective July 1, 1951, that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all *eligi-*

*ble* individuals; . . . " (Emphasis supplied). § 606(a)(2) defines a dependent child as one ". . . who is (A) under the age of eighteen, or, (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment . . . "

Plaintiffs Virginia Lawson, Wanda Lawson, and William Lawson, proceeding *in forma pauperis,* are respectively a mother and her minor children who are over sixteen but less than eighteen years old. The mother has been denied assistance under the Virginia aid to dependent children program (hereinafter referred to as ADC) because her children are over sixteen but under eighteen years of age and are not presently attending school. Plaintiffs Ruby Duvall and Debra Lucas, also proceeding *in forma pauperis,* are respectively a mother and her daughter, who is presently sixteen. The mother, when this suit was filed, was receiving aid under the ADC program but alleged that it would be discontinued if her daughter failed to attend school this fall. These plaintiffs allege that the Virginia statute and regulation are unconstitutional in that they prescribe a stricter standard to be eligible for ADC relief than does the federal act, which defines a dependent child as one who is under eighteen without the additional requirement that such person regularly attend school.

Viola Cardwell, Audrey Thompson and Deloris Cardwell petitioned to this court and were granted on August 22, 1972 the right to intervene in this suit as party plaintiffs to protect their own interests. They also are proceeding *in forma pauperis.* Viola Cardwell is the mother of Audrey Thompson, who was eighteen years old on September 27, 1972, and Deloris Cardwell, who is now sixteen years old. Deloris Cardwell alleged that her aid under the ADC program would be terminated in September

because she does not plan to attend school. Audrey Thompson alleged that her aid was terminated April 1, 1972 because she was not regularly attending school and that she did not plan to attend school this September.

Should this case proceed as a class action, the remaining plaintiffs are all persons similarly situated who have children over sixteen and under eighteen years of age and who have been denied ADC relief because these children do not regularly attend school.

Defendant Brown is the Director of the Department of Welfare and Institutions for Virginia. Defendants Wheeler, Trice, Ashe, Gray, Mays, Penn, Allen, Cohen, and Hough are all members of the Board of Welfare and Institutions. Finally, defendant Jones is the Director of the Roanoke City Department of Welfare. All jointly filed answers and motions to dismiss the suit, except defendant Jones, who has filed a motion to dismiss her as a defendant as well as a motion to dismiss the complaint.

■ Defendant Jones alleges that her duties are purely ministerial, and that she has no authority to vary from the law, rules, and regulations. It appears to this court that this defendant's duties are of a ministerial nature, that she is presently following all rules, regulations, and statutes, that she has no power in her own position as City Director of Welfare to initiate changes in the welfare system without approval of the other named defendants, and that the plaintiff's claim lies not with her but with her superiors who direct her actions and with the State of Virginia. She is therefore dismissed from this suit.

The remaining defendants have moved to dismiss this suit on the following grounds:

1) that Virginia Lawson has consented to the reduction in the aid given to her;

2) that Debra Lucas, Ruby Duvall, Viola Cardwell, Audrey Thompson, and Deloris Cardwell are not representative of the class;

3) that plaintiffs have failed to exhaust their administrative remedies;

4) that this is not a proper class action; and

5) that no claim has been stated for which relief may be granted.

■ The defendants' first ground arises from the fact that when Mrs. Lawson was advised that her aid was being reduced, she signed a form which stated: "I understand this reason and agree that it is correct. I accept this decision and am in accord with it." This form also has a provision for a person whose aid is being reduced to obtain a conference.[1] A state statute cannot be allowed to so easily escape federal scrutiny. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, 578 (1972). Plaintiffs in the present case are all poor, and this court seriously questions whether or not they actually knew the consequence of what they were signing. Nor can this court allow someone to forfeit his rights when there exists serious doubt that such person even knew he had these rights. In the present case it does not appear that plaintiffs were versed in the law. Indeed, it is highly likely that plaintiff Lawson signed merely because she felt that she had no remedy—even in the allowed conference with the agency representative. In criminal cases one cannot waive those rights which he does not know he has. So, too, in civil cases this court is of the opinion that a person unskilled in the law and of the lower economic levels with apparently no extensive educational background cannot waive constitutional objections of which he is totally unaware to actions taken against him by state agencies.

1. The following also appears on the notice of reduction of benefits form:
I do not accept this decision and I request a conference with an Agency representative. I understand that I may bring a friend, spokesman or legal counsel with me. This conference must be held prior to date of proposed action. I understand that to arrange for this conference I must call the Supervisor (whose name and telephone number appear at the bottom of this page) before _____.

Defendants next contend that it has not been shown that plaintiff Lucas is representative of the class and that her mother's claim is not yet ripe because she is presently receiving aid and there has been no threat to curtail it, since it will not be known until September whether or not her daughter will attend school.

When this action was filed in April, 1972, Debra Lucas was not a member of the class with which this suit is concerned because she was at that time regularly attending school. While she alleged that she would become a member of this class by September, 1972, nevertheless, the threat against her and her mother posed by the welfare department was merely hypothetical. This court has now learned that Debra Lucas is not regularly attending school at present and that aid to her mother will be suspended in November, 1972. Thus Debra Lucas has become a member of the class unless some other fact removes her from it.

Defendant Jones, who has been dismissed from this suit, filed on September 22, 1972 an amendment to her answer alleging an additional ground for dismissing Debra Lucas and Ruby Duvall from this suit. She has alleged that these two plaintiffs are no longer entitled to ADC relief because Debra Lucas is now and has been married since May 10, 1971 to a man now living in North Carolina.

Because defendant Jones' second ground in her motion to dismiss has been incorporated by reference in the remaining defendants' answer, and because this amendment falls within the second ground, it also will be considered by this court to have been made by the remaining defendants.

The welfare department now contends that she has been emancipated and is therefore not entitled to ADC relief. This court must therefore decide whether a child sixteen or seventeen years of age, who does not regularly attend school, and who is married is included within the definition of a dependent child under 42 U.S.C. § 606(a).

There is no question that such a person is excluded under the Virginia statute because of the mandatory school attendance requirement for the group under § 63.1–105(a). 42 U.S.C. § 606(a) reads:

> [t]he term 'dependent child' means a needy child (1) who has been *deprived of parental support or care* by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first counsin, nephew, or niece, in a place of residence maintained by one or more of such relatives as his or their own home, . . . (Emphasis supplied).

The key words in this definition are "deprived of parental support or care". The existence of this situation is necessary before one is considered a dependent child. Is a married child considered a dependent child for purposes of this statute? Because there exists no federal domestic relations law, this court must look to the state domestic laws to determine when a child is dependent upon his parent.

■ Virginia follows the general American common law rule that marriage of a minor child, even if not consented to by the parents, emancipates the minor child from his parents. Kirby v. Gilliam, 182 Va. 111, 28 S.E.2d 40 (1930); *accord,* Appelt v. Whitty, 286 F.2d 135 (7th Cir. 1961); In re Greer, 184 So.2d 104 (La.App.1966); Franco v. Davis, 51 N.J. 237, 239 A.2d 1 (1968); Cochran v. Cochran, 196 N.Y. 86, 89 N.E. 470 (1909); Inakay v. Sun Laundry Corp., 180 Misc. 550, 42 N.Y.S.2d 344 (1943); Bernardi v. Bernardi, 42 Tenn. App. 282, 302 S.W.2d 63 (1956); Ex Parte Williams, 420 S.W.2d 135 (Tex. 1967); Bonneau v. Russell, 117 Vt. 134, 85 A.2d 569 (1952); LaCrosse County v. Vernon County, 233 Wis. 664, 290 N.W.

279 (1940). According to the cases " '[e]mancipation' of a child is the relinquishment by the parent of control and authority over the child, conferring on him the right to his earnings and terminating the parent's legal duty to support the child." Perkins v. Robertson, 140 Cal.App.2d 536, 295 P.2d 972, 975 (1956); *accord*, Swenson v. Swenson, 241 Mo.App. 21, 227 S.W.2d 103 (1950); Goodyear v. Goodyear, 257 N.C. 374, 126 S.E.2d 113 (1962); Brumfield v. Brumfield, 194 Va. 577, 74 S.E.2d 170 (1953); American Products Co. v. Villwock, 7 Wash.2d 246, 109 P.2d 570 (1941). *See* Crook v. Crook, 80 Ariz. 275, 296 P.2d 951 (1956); Corbridge v. Corbridge, 230 Ind. 201, 102 N.E.2d 764 (1952); Speziale v. Kohnke, 194 So.2d 485 (La. 1967). In Virginia it is the husband's legal duty to support his wife. Bundy v. Bundy, 197 Va. 795, 91 S.E.2d 412 (1956).

Thus under the weight of authority, the parents' legal duty to support their children ends upon the child's marriage. The minor child is therefore precluded from suing his parents to obtain financial support for them.

■ This court holds that an emancipated child is not included within the definition of a dependent child. Therefore a state may choose to refuse aid to the families of such children for the benefit of these children. Because of her marriage, Debra Lucas is no longer a member of the class in question and she and her mother, Ruby Duvall, are hereby dismissed from this suit.

Defendant Jones had also moved to dismiss Viola Cardwell, Deloris Cardwell, and Audrey Thompson, who were permitted to intervene in their own behalf, from this suit. As previously discussed, this motion will be treated as if made by all defendants.

■ The defendants contend that, while ADC relief for Audrey Thompson was discontinued on April 1, 1972, because she did not attend school, nevertheless because she reached her eighteenth birthday on September 27, 1972, she is not now a member of the class in question. It is true that Audrey Thompson is not a member of the class in question, yet she intervened in this suit to protect her own interest as well as those of the class. While courts should be hesitant to allow individual claims in purported class actions, since this individual had her rights suspended at one time because she was a member of the questioned class, this court will allow her to proceed with her individual claim.

Defendants move to dismiss Deloris Cardwell because her aid has not been suspended since she is currently attending a vocational training school. Because she does not represent the interests of the class, she is hereby dismissed.

Since the money for ADC relief is paid to the parent of the child for the child's benefit, Viola Cardwell cannot be dismissed because her daughter, Audrey Thompson, has not been dismissed and they remain parties to the suit.

■ Defendants' contention that plaintiffs have failed to exhaust their administrative remedies must be overruled. King v. Smith, 392 U.S. 309, 312, n. 4, 88 S.Ct. 2128, 2131, 20 L.Ed.2d 1118 (1968) rejects this contention.

We reject appellants' argument that appellees were required to exhaust their administrative remedies prior to bringing this action. Pursuant to the requirement of the Social Security Act that States must grant AFDC applicants who are denied aid 'an opportunity for a fair hearing before the State agency . . .' Decisions of this Court, however, establish that a plaintiff in an action brought under the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. § 1343, is not required to exhaust administrative remedies, where the constitutional challenge is sufficiently substantial . . . to require the convening of a three-judge court. Damico v. California, 389 U.S.

416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967). (Emphasis in original) . . .

The constitutional challenge is sufficient in this present case to meet this test.

Fourthly defendants argue that the class action should be dismissed because there are no facts alleging that 1) the class is sufficiently numerous to make joinder impracticable; 2) that there are common questions of law and fact; 3) that the claims and defenses of the representative parties are typical; and, 4) that the representative parties will fairly and adequately protect the interests of the class.

On the surface it would appear that one could easily define the class. It would include all sixteen and seventeen year old individuals not regularly attending school and the supporting parents of these children to whom ADC relief has been denied. The plaintiffs have requested that defendants either stipulate that this is a class action or be required to produce the names of all people who are or have been members of the class since January 1, 1957.

For two reasons the court has decided to deny plaintiffs' request that this suit proceed as a class action. First to positively determine who the people in this class are would require an examination of thousands of files in the Roanoke welfare office alone. Needless to say when all welfare offices in the state are taken into account, this class reaches unmanageable proportions from just the clerical standpoint. Second, because of the size of Virginia's welfare system compared to the narrowly defined class which plaintiffs represent, it appears to this court to be impracticable to give adequate notice reasonably calculated to inform interested parties of the pending action as required by due process and Rule 23(c)(2). Many, if not most, of the people in this class would no longer be receiving ADC relief if their children are not over eighteen and not in school. Merely posting notices of this suit in welfare offices would not be sufficient. For these reasons plaintiffs' request to proceed as a class action is denied.

Finally defendants contend that no claim has been stated upon which relief may be granted pursuant to 42 U.S.C. § 1983.[2] Again this court must disagree with the defendants because of recent Supreme Court decisions. Townsend v. Swank, 404 U.S. 282, 92 S. Ct. 502, 30 L.Ed.2d 448 (1971); King v. Smith, 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). The *Townsend* case seems to parallel the present case most closely. In this case the question presented was whether Illinois could deny ADC benefits to the mother of two college students between the ages of eighteen and twenty years old. The statute involved allowed relief only if children in this age group attended high school or vocational school but not college, while 42 U.S.C. § 606(a)(2)(B) made no such distinction.

The court traced the development of the AFDC law which originally included only children under sixteen years of age. It was amended in 1939 to aid children ages sixteen and seventeen who regularly attended school, however the school attendance requirement was deleted in 1956. Congress was well aware of the fact that by eliminating the school attendance requirement for this age group many more people would be eligible for aid. The final age group included under the federal law was the eighteen through twenty year olds who regularly attended school. Townsend v. Swank,

2. 42 U.S.C. § 1983 reads as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunties secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448, 454 (1971). The Court discussed the ability of states to alter the application of the Act. In discussing the elimination of the school attendance requirement for ages sixteen and seventeen the Court stated "[s]ignificantly nothing in the legislative history of the change indicates that the States were at liberty to continue to limit eligibility to 16–17 year olds attending school." Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 507, 30 L.Ed.2d 448, 454 (1971). It was noted by the Court at this point that a number of states did continue to make this distinction. When discussing the eighteen through twenty year olds, the Court remarked "when in 1965 Congress amended § 406(a)(2)(B) (42 U.S.C. § 606(a)(2)(B)) in the form now before us nothing was said to indicate that States which had adopted the 1964 program limited to children attending vocational schools were free to continue that limited program and not to extend it to children 18–20 attending a college or university." Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 507, 30 L.Ed.2d 448, 455 (1971). Thus states are not free to arbitrarily exclude people under the state act who are covered under the federal act.

In the present case sixteen and seventeen year olds not regularly attending schools are covered under the federal act but not under Virginia's act.

Therefore, a cause upon which relief may be granted has been made under 42 U.S.C. § 1983. In the words of the Court:

. . . in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance, under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause. We recognize that regulations of the Department of Health, Education and Welfare seem to imply that States may to some extent vary eligibility requirements from federal standards. However, the principal which accords substantial weight to interpretation of a statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent with the requirement of § 402(a)(10) [(42 U.S.C. § 602(a)(10))] that aid be furnished to *all eligible* individuals." (Emphasis in the original). Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 505, 30 L. Ed.2d 448, 453 (1971).

Defendants' motion to dismiss is overruled.

The court therefore orders that the following relief be given to the plaintiffs. The court orders that plaintiffs Wanda and William Lawson be reinstated on the ADC welfare rules until each reaches the age of eighteen at which time this aid may be suspended, if it has not terminated at an earlier date for other reasons, if these children are not regularly attending school. The court also orders the defendants to pay to Virginia Lawson for the benefit of the children all past relief which has been denied to her because these two children were not regularly attending school.

The court orders the defendants to pay to Viola Cardwell for the benefit of Audrey Thompson, all past ADC benefits which were suspended because her daughter, Audrey Thompson, was a member of the contested age group and did not regularly attend school.

The foregoing is adjudged and ordered, and each party shall pay their own costs.