Alverta Hill FRYE et al., Plaintiffs,

v.

William LUKEHARD et al., Defendants.

Civ. A. No. 73–C–9–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

June 11, 1973.

Ronald R. Tweel, Charlottesville-Albemarle Legal Aid Society, Charlottesville, Va., for plaintiffs.

Andrew P. Miller, Atty. Gen., Richmond, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case is being brought as a class action, pursuant to Rule 23(a) and 23(b) (2) of the Federal Rules of Civil Procedure,[1] jurisdiction arising under 42 U.S.C. § 1983 with plaintiffs seeking declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 against defendants who are connected with the Virginia Welfare System.

This court previously ruled in Lawson v. Brown, 349 F.Supp. 203 (W.D.Va. 1972), that the Virginia statute and regulation in question (§ 63.1–105(a) of the Virginia Code and Regulation 204.1(A) of the Manual of Policy and Procedures for Local Welfare Departments),[2] conflicts with Title IV of the Social Security Act (42 U.S.C. §§ 601–606)[3] and therefore the federal law pre-empts the Virginia statute under the Supremacy

1. *Rule 23(a) Prerequisites to a Class Action.*
"One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
*Rule 23(b) Class Actions Maintainable.*
"An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; . . ."

2. § *63.1–105(a), Code of Virginia, 1950, as amended:*
"A person shall be eligible for aid to dependent children if he: (a) has not attained the age of sixteen years, or, if regularly attending school has not attained the age of twenty-one years. . ."
*Regulation 204.1, Manual of Policy and Procedures for Local Welfare Departments:*

"A child is eligible for Aid to Dependent Children (ADC), if he: (A) is under sixteen years of age; or, if sixteen to twenty-one years of age, is regularly attending school; or is a physically or mentally incapacitated child sixteen or seventeen years of age for whom no suitable educational opportunities are available. . ."

3. *Title IV of the Social Security Act (42 U.S.C. §§ 601–606 (applicable sections only)*
§ 602(a): A State plan for aid and services to needy families with children must. . . (10) provide, effective July 1, 1951, that all individuals wishing to make application for aid to families with dependent children shall have an opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all *eligible* individuals; . . ." (emphasis supplied)
§ 606(a)(2) defines a dependent child as one ". . . who is (A) under the age of eighteen, or (B) under the age of twenty-one and (as determined by the State in accordance with standards prescribed by the Secretary) a student regularly attending a school, college, or university, or regularly attending a course of vocational or technical training designed to fit him for gainful employment . . ."

Clause of the Constitution. This court did not consider the unconstitutionality of the state statute and regulation, as that would require convening of a three-judge court, but ruled on the pre-emption issue alone. Other courts have held that a three-judge court is not necessary to rule on the pre-emption issue solely. Garneau v. Raytheon Co., 323 F.Supp. 391 (D.C.Mass.1971); Bartlett & Co., Grain v. State Corp. Commission of Kansas, 223 F.Supp. 975 (D.C.Kan. 1963); Penagaricano v. Allen Corp., 267 F.2d 550 (1st Cir. Puerto Rico 1959).

In Lawson v. Brown, supra, this court ruled that parents eligible for financial assistance under the Virginia Aid to Dependent Children program (hereinafter referred to as ADC) should not have the aid discontinued or their applications rejected by the Virginia Department of Welfare because they have sixteen and seventeen year-old dependent children in their homes who do not regularly attend school. The federal program, Aid to Families With Dependent Children (AFDC), defines a dependent child as one who is under eighteen without the additional requirement that such person regularly attend school. [42 U.S.C. § 606(a)(2)]. Therefore the portion of the Virginia statute and regulation (see footnote 2) which requires children to regularly attend school before needy parents may be eligible for aid to dependent children sets a stricter standard than the federal act and is therefore invalid. This court found proper authority for such a ruling in Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 30 L. Ed.2d 448 (1971), which held that states are not free to arbitrarily exclude people under the state act who are covered under the federal act. The Supreme Court stated:

. . . in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance, under the federal AFDC standards violates the Social Security Act and is there-fore invalid under the Supremacy Clause. We recognize that the regulations of the Department of Health, Education and Welfare seem to imply that States may to some extent vary eligibility requirements from the federal standards. However, the principal which accords substantial weight to interpretation of a statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent with the requirement of § 402(a)(10) [(42 U.S.C. § 602(a)(10))] that aid be furnished to *all eligible* individuals." (Emphasis in the original). Townsend v. Swank, 404 U.S. 282, 92 S.Ct. 502, 505, 30 L.Ed.2d 448, 453 (1971).

After this court granted relief to the plaintiffs in Lawson v. Brown, supra, a bill (# 1515) was proposed in the January 1973 session of the General Assembly to correct § 63.1–105 of the Virginia Code, but the proposed amendment was not passed. Therefore the State of Virginia continues to adhere to the policy expressed in § 63.1–105 and Regulation 204.1(A), contrary to the federal law expressed in 42 U.S.C. §§ 602(a) and 606(a)(2). The issues which this court will consider are whether to make this case a class action, and, whether to issue the appropriate injunction to the state welfare department.

■ Plaintiffs Alverta Hill Frye and Melvin Wendall Frye, proceeding *in forma pauperis*, are respectively a mother and her seventeen year-old son who are residents of Stanardsville, Virginia. The mother has been denied assistance under the Virginia ADC because her child is over sixteen and under eighteen years of age and is not presently attending school. Plaintiffs allege that the ADC grant which Mrs. Frye had been receiving previously was terminated on June 1, 1972 by the Greene County Welfare Department. Since this complaint was filed, other parties have filed a motion to intervene as plaintiffs, alleging similar facts and circumstances. Mildred J. Cardwell, her infant daughter Cynthia Anne Cardwell, and Dolly May

Shiflett and her infant son Robby Lee Shiflett filed a motion to intervene on May 8, 1973, and allege that they are members of the class on whose behalf this cause of action is instituted and are parents of children who have been denied aid to dependent children because their children are sixteen and seventeen years of age and not regularly attending school. This court grants Mrs. Cardwell, her daughter Cynthia, and Mrs. Shiflett and her son Robby permission to intervene *in forma pauperis* in the present action.

Plaintiffs seek to proceed as a class and ask this court to 1) declare Virginia Code § 63.1–105 and Regulation 204.1(A) void; 2) enjoin the defendants from accepting any further federal funds so long as they deny assistance to persons eligible under 42 U.S.C. § 606; 3) enjoin the enforcement of § 63.1–105 and Regulation 204.1(A); 4) enjoin defendants from disbursing ADC benefits already denied plaintiffs; 5) grant plaintiffs their costs and additional relief. Plaintiffs claim that they have been denied equal protection of the laws under the Fourteenth Amendment to the Constitution and that Title IV of the Social Security Act is supreme.

Defendant William Lukehard is the Director of the Virginia Department of Welfare and Institutions. Defendants Wheeler, Trice, Ashe, Gray, Mays, Penn, Allen, Cohen and Hough are all members of the Board of Welfare and Institutions. Defendant James Keenan is the Director of the Greene County Department of Welfare. All defendants, save Keenan, filed an answer and motion to dismiss the complaint. Defendants deny that this is a class action and state that they are required by law to enforce the provisions of § 63.1–105 of the Code of Virginia. They deny that they apply the law in a discriminatory manner and state that the law is not in violation of the Virginia Constitution or the U. S. Constitution. Defendants seek to dismiss the action and state that plaintiffs, if entitled to relief, are not entitled to retroactive payments because such relief would be against the Commonwealth and is prohibited by the Eleventh Amendment to the United States Constitution. Defendant Wheeler states that he is no longer a member of the Virginia Board of Welfare and Institutions, and therefore this court dismisses him from this suit.

The court will now consider the issue of whether this case should proceed as a class action. In Lawson v. Brown, supra, this court denied the class action because of the difficulty in determining the class and the notice requirement. However, upon reconsideration, in order to prevent the continual filing of similar suits by other needy parents with sixteen and seventeen year-old dependent children, and in order to provide the proper federal and state benefits as provided by law, this court now grants plaintiffs' motion for leave to proceed as a class action. The members of the class are all sixteen and seventeen year-old children not regularly attending school and the supporting parents of these children to whom ADC relief has been denied. The prerequisites to a class action under Rule 23 have been met by plaintiffs. The members of the class are so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, the plaintiffs' claims are typical of the claims of every member of the class, and the plaintiffs will fairly and adequately protect the interests of the class. Furthermore, plaintiffs file under Rule 23(b)(2) which does not require that notice be given to the members of the class.

For the same reasons stated in Lawson v. Brown, supra, outlined in the beginning of this opinion, the court orders that relief be given to the plaintiffs. While it is beyond the authority of a single federal judge to declare a state law unconstitutional, this court declares that § 63.1–105(a) of the Code of Virginia and Regulation 204.1 of the Manual of Policy and Procedures for Local Welfare Departments are pre-empted by 42 U.S.C. §§ 602(a) and 606(a)(2),

which allows financial aid to sixteen and seventeen year-old children, whether or not they regularly attend school. Therefore, the court enjoins defendants from enforcing § 63.1–105(a) and Regulation 204.1 insofar as they conflict with Title IV of the Social Security Act, 42 U.S.C. §§ 601–604.

Defendants argue against retroactive payments since such relief is prohibited by the Eleventh Amendment to the Constitution. The Eleventh Amendment reads as follows:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

 The Supreme Court extended this immunity to suits against a state by citizens of the same state in Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). However, under the doctrine of Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Eleventh Amendment or sovereign immunity is no bar to a federal court's ordering state welfare officials to bring their conduct into conformity with federal law. Jordan v. Weaver, 472 F.2d 985, 990 (7th Cir. 1973). In Ex Parte Young, 209 U.S. 123, 160, 28 S.Ct. 441, 454, 52 L.Ed. 714 the Supreme Court surmounted the Eleventh Amendment objection by resorting to the fiction that when a state official seeks to enforce a state law which conflicts with paramount federal law, "he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." The State official can therefore be said to be "stripped of his official or representative character" when ordered to pay out benefits he withheld in violation of federal law, as he was acting unconstitutionally when he withheld the benefits. By resorting to this fiction, the Supreme Court in *Ex Parte Young* was able to avoid the restrictions of the Eleventh Amendment, since the

suit was no longer considered to be against the state. Therefore, this court sees no reason why the Virginia Welfare Department should not pay damages, in the form of restitution, to the plaintiffs equal in amount to the retroactive benefits unconstitutionally denied the plaintiffs.

Accordingly, this court orders that the defendants pay all ADC benefits constitutionally due the plaintiffs in the class, effective from the date that an individual applied for the aid and was denied it because the dependent child was not regularly attending school, provided that the individual met all other eligibility conditions at the time of his or her application. The court, in addition, enjoins the defendants from enforcing § 63.1–105(a) of the Virginia Code and Regulation 204.1 of the Manual of Policy and Procedures for Local Welfare Departments insofar as they conflict with Title IV of the Social Security Act, 42 U.S.C. §§ 601–604 (specifically 42 U.S.C. §§ 602(a) and 606(a)(2)).

The foregoing is adjudged and ordered, and each party shall pay its own costs.