INDIANA STATE EMPLOYEES ASSOCIATION, INC., et al.

v.

INDIANA STATE HIGHWAY COMMISSION, et al.

No. IP 76–413–C.

United States District Court, S. D. Indiana, Indianapolis Division.

June 9, 1978.

Ronald E. Elberger, Bose & Evans, Indianapolis, Ind., Myrna Hart, Indiana Civil Liberties Union, Gary, Ind., Ivan E. Bodensteiner, Indiana Civil Liberties Union, Valparaiso, Ind., for plaintiffs.

William C. Barnard, James E. Hughes, Sommer, Barnard, Freiberger & Scopelitis, Indianapolis, Ind., Harry W. Scott, Ft. Wayne, Ind., Robert F. Colker, Asst. Atty. Gen., of Ind., Indianapolis, Ind., for defendants.

## ORDER

STECKLER, Chief Judge.

This matter is before the Court on plaintiffs' Motion to Determine Class pursuant to Rule 23(c)(1). This issue has been fully briefed by the parties with the plaintiffs submitting a memorandum in support of the instant motion and a memorandum in reply to the separate memoranda in opposition to class certification submitted by the State defendants (Indiana State Highway Commission, Boehning, Marsh, Indiana Department of Natural Resources, Cloud, Herbst, and McDaniels) and the Republican defendants (Indiana Republican State Cen-

tral Committee, Milligan, Rendell, Simcox, and McClellan). Subsequent to the briefing of this issue, the Court, on March 13, 1978, dismissed the claims asserted against the Indiana State Highway Commission and the Indiana Department of Natural Resources. The question of whether this action should be maintained as a class action was discussed at a pretrial conference with the Court on May 4, 1978.

For the reasons hereinafter stated, the Court has concluded that this action should not be maintained as a class action and therefore that the motion for certification should be denied.

In this action the plaintiffs challenge on constitutional grounds the well-entrenched practice in this state requiring patronage employees of the state to contribute 2% of their net wages to the political party which "controls" the department or agency for which the employees work. Plaintiffs seek to have this action proceed on a class basis with the members of the plaintiff class consisting of

"a. all past, present and future state patronage employees, both temporary and permanent, who suffer(ed) harassment, coercion, threats of economic reprisal and job discrimination, or a combination thereof, due to their failure to regularly pay two percent (2%) of their net wages to the political party in control of the state department, agency or bureau where they are employed and/or obtain the required patronage signatures;
b. all persons who have been or will be refused state employment solely because of their refusal to obtain the signatures of political party officials and/or agree to contribute two percent (2%) of their net wages to the political party in control of the state department, agency, or bureau where they have applied or will apply for employment; and
c. all state employees who involuntarily contribute two percent (2%) of their net wages to the political party in control of the state department, agency or bureau where they are employed and who make such payments because of their fear of reprisals."

■ By reason of the nature of this action, the way the class is sought to be drawn, the great number of persons who undoubtedly would be drawn into the proposed class, and the relief sought by the named plaintiffs on behalf of the proposed class, the Court has concluded that problems in the area of manageability are so great as to outweigh any possible advantages in maintaining this action on a class basis.

By the way plaintiffs seek to have the class defined it would be impossible for the Court to ascertain whether or not a given person is a member of the class until a determination of ultimate liability as to that person is made. The proposed class definition is in essence framed as a legal conclusion. It seeks to have this Court sanction the certification of what Judge Eschbach referred to in *Dafforn v. Rousseau Associates, Inc.,* 1976–2 Trade Cas. ¶ 61,219 (N.D.Ind.1976), as a "fail-safe" class. Such a class is one "which would be bound only by a judgment favorable to plaintiffs but not by an adverse judgment." *Id.* at p. 70,577.

As the plaintiffs seek to have the Court award damages to each member of the proposed class, the Court would have to stage a "mini-trial" for each member after determining the threshold issue of constitutionality of the challenged practice in favor of the plaintiffs. Such a series of "mini-trials" would be for the individualized purpose of determining whether the relevant person was a member of one of the three categories of class members and what damages or benefits such a person lost by reason of the allegedly unconstitutional practice. Given the number of potential class members, it readily is apparent that the Court would be opening a Pandora's Box of seemingly never-ending litigation if it certified this case for class action status.

■ Further, the number of potential class members and the individualized nature of their damage claims is such that the damage issues in this case would predomi-

nate or overwhelm the issues of generalized equitable relief which would be applicable on a class-wide basis. In such a situation, Rule 23(b)(2) of the Federal Rules of Civil Procedure which generally applies in cases where injunctive or declaratory ·relief is sought becomes inapplicable. *Graybeal v. American Savings & Loan Association,* 59 F.R.D. 7 (D.D.C.1973); *Alsup v. Montgomery Ward & Co.,* 57 F.R.D. 89 (N.D.Cal. 1972); *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555 (2d Cir. 1968). Given the predominance of individualized questions relating to liability and relief, Rule 23(b)(3) would, by its very terms, not suffice as a basis for the maintenance of a class action.

From a more generalized perspective, the wide-ranging nature of this case and the number of persons potentially involved lead the Court to conclude that the case would become unmanageable were it to be maintained as a class action. "Manageability" has in itself become a basis for evaluating the propriety of allowing a case to proceed on a class basis. *See Development-Class Actions,* 89 Harv.L.Rev. 1318, 1499 (1976). Many federal courts have, as this Court has in this case, placed primary reliance on the manageability factor in determining that a case should not be maintained as a class action. *E. g., In re Hotel Telephone Charges,* 500 F.2d 86, 90–91 (9th Cir. 1974); *Boshes v. General Motors Corp.,* 59 F.R.D. 589, 599 (N.D.Ill.1973); *Cotchett v. Avis Rent A Car Sys., Inc.,* 56 F.R.D. 549, 553–54 (S.D.N.Y.1972); *City of Philadelphia v. American Oil Co.,* 53 F.R.D. 45, 70–74 (D.N. J.1971). Determinations of unmanageability have been made based upon factors such as, inter alia, the size of the potential class, *In re Hotel Telephone Charges, supra; Boshes v. General Motors Corp., supra; City of Philadelphia v. American Oil Co., supra; Stern v. Massachusetts Indem. & Life Ins. Co.,* 365 F.Supp. 433 (E.D.Pa.1973), problems in identifying the class members, *Souder v. Brennan,* 367 F.Supp. 808, 814–15 n. 29 (D.D.C.1973); *Lawson v. Brown,* 349 F.Supp. 203, 209 (W.D.Va.1972), and difficulties in distributing relief, *Al Barnett & Son, Inc. v. Outboard Marine Corp.,* 64 F.R.D. 43, 56–57 (D.Del.1974) *Boshes v.*

*General Motors Corp., supra* at 606; *City of Philadelphia v. American Oil Co., supra* at 71–74. Each of those factors are present in this case, and the Court had concluded that they call for the denial of class certification.

Accordingly, the Motion to Certify Class Pursuant to Rule 23(c)(1) is hereby DENIED.

IT IS SO ORDERED.