OPINION OF THE COURT
Anthony F. Bonadio, J.
On April 3, 1980, an order finding child abuse and making a final disposition was entered in this child abuse proceeding.
The dispositional portion of the April 3, 1980 order first continued foster care placement of Dagna Melissa Williams with the petitioner, Monroe County Department of Social Services (Family Ct Act, § 1052, subd [a], par [iii]; § 1055, sqbd [a]), and also contained eight additional terms and conditions, four of which along with the first, are now before this court for further consideration as follows:
“(2) If there is to be visitation between the respondents and the said child, such visitation will be supervised by the Monroe County Department of Social Services.
“(3) Visitation between the said child and the respondent Jacqueline Williams is to occur at a neutral setting.
“(4) Visitation between the Child Dagna Melissa Wil *281 liams and her siblings is to be at the direction of the Monroe County Department of Social Services.
“(5) The respondents are to refrain from offensive conduct against the child Dagna Melissa Williams and against any person(s) to whom custody of said child is awarded.”
The order specifies that the placement and all of the terms and conditions are to terminate on December 20, 1980, Dagna’s 18th birthday. (Family Ct Act, § 1055, subd [e].)
On April 12, 1980, Dagna, 17y2 years of age, married Donnell McGuire and they have lived together since that time as husband and wife at 28 Lee Place, Rochester, New York. Based upon Dagna’s marriage, the petitioner has moved for an order modifying the dispositional portions of the original order by terminating foster care and placement (No. 1) and deleting the provisions numbered 2 through 5 above. The Law Guardian has joined in this request, but the District Attorney, a necessary party to this proceeding (Family Ct Act, § 254, subd [b]), opposes that part of the motion which seeks deletion of the conditions numbered 2 through 5 above.
Section 1061 of the Family Court Act, provides that: “For good cause shown * * * the court * * * may * * * set aside, modify or vacate any order issued” in a child abuse proceeding. Although section 1062 of the Family Court Act deals specifically with requests for the termination of placement, and requires a verified petition, the court does not believe section 1062 of the Family Court Act is applicable here, and finds that it has jurisdiction to terminate placement pursuant to section 1061 of the Family Court Act, upon a showing of “good cause”.
The marriage of a minor child emancipates the child (Cochran v Cochran, 196 NY 86; Lawson v Brown, 349 F Supp 203) at least with respect to his or her person. (Domestic Relations Law, § 84.)
Now, considering, (a) that Dagna has not resided with her foster family since her marriage in April of 1980; (b) that the April 3, 1980 order, by its own terms, terminates on December 20, 1980, four months from now; (c) that *282 placement could not be continued after December 20, 1980 without Dagna’s consent (Family Ct Act, § 1055, subd [e]), and such consent is not likely to be granted; (d) that Dagna’s attorney joins in the request to terminate placement and there is no opposition; and (e) the court’s ruling (infra) on the request to delete conditions 2 through 5, I find that continuing foster care placement of Dagna is unnecessary, inappropriate, and not in her best interests. “Good cause” having been shown, the motion to terminate the first condition of disposition, namely placement, is granted.
Petitioner’s motion to delete terms and conditions numbered 2 through 5 is more troublesome. These provisions, along with provisions numbered 6 through 9, seek to supervise and control the contacts between Dagna and her parents (No. 4 deals with her siblings) and serve at least two purposes: (1) to protect Dagna from her parents (Family Ct Act, §§ 1011, 1013, subd [b]) who have admitted abusing her and consented to a finding of abuse pursuant to subdivision (a) of section 1051 of the Family Court Act; (2) to “encourage and strengthen the parental relationship” as provided in subdivision (c) of section 1055 of the Family Court Act. As noted above, to so modify a prior dispositional order “good cause” must be shown which the court notes is also the test to be applied where extensions of various dispositions are sought (see Family Ct Act, § 1054, subd [b]; § 1057).
On the papers presented, “good cause” for deleting conditions 2 through 5 of the dispositional order of April 3, 1980 have not been shown. There are no allegations suggesting that Dagna no longer needs to be protected from her parents; that the parent-child relationship has been sufficiently strengthened; or that efforts to enhance such a relationship would be detrimental to the best interests of the child. (Family Ct Act, § 1055, subd [c].)
Moreover, while subdivision (e) of section 1055 of the Family Court Act prohibits the placement of a child beyond the child’s 18th birthday (which, like marriage, works an emancipation), without his or her consent, no similar limitation appears with respect to dispositions which impose *283 responsibilities on petitioner (Family Ct Act, §§ 1054, 1055, subd [c]; § 1057) and “sanctions” against abusive parents. (Family Ct Act, §§ 1054, 1056, 1057.) The marriage of Dagna, while sufficient to terminate foster care placement, is not, in and of itself, enough to protect her from her parents and to “encourage and strengthen the parental relationship”. There is nothing in article 10 which precludes the court from continuing to exercise its jurisdiction over the petitioner and respondents after the emancipation of a child who is the subject of an abuse petition.
The order of April 3, 1980, is modified by terminating Dagna’s foster care placement, and is in all other respects, continued.