■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of NINA G., Respondent; GLAUDE G., Appellant. [594 NYS2d 305] —In child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Clark, J.), dated May 6, 1991, as, after a hearing, denied that branch of his petition which sought resumption of visitation with his two daughters and to modify prior orders of disposition and protection of the same court (Kaufmann, J.), dated September 25, 1989, which found, *inter alia,* that he had sexually abused his daughter Nina G., and which prohibited him from having any contact with his two daughters until they reached the age of 18 years, or until he submitted to the court reports from therapists demonstrating that the resumption of visitation would be safe and appropriate.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

We reject the appellant's contention that the Family Court Judge who heard and determined his petition acted in contravention of an order previously issued by another Family Court Judge in the same case. While the prior order precluded contact between the appellant and his children until such time as he submitted therapists' reports indicating the safety and appropriateness of resumed visitation, that prior order cannot reasonably be construed to mean that the appellant is automatically entitled to renewed contact with the children upon his mere submission of a brief and conclusory note from a psychiatrist. Rather, the court appropriately interpreted the prior order as permitting a subsequent application by the appellant to modify the protective provision for good cause shown (see, Family Ct Act § 1061; see generally, Matter of Williams, 106 Misc 2d 280) and upon proof that resumed visitation would be in the best interests of the children (see generally, Matter of Erin G., 139 AD2d 737). Moreover, the court in this case properly exercised its continuing jurisdiction to safeguard the best interests of the children (see generally, Matter of Samantha S., 80 Misc 2d 217; Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1061, at 461) by inquiring into the merits of the application.

Furthermore, the evidence adduced at the hearing and during the in-camera interviews of the appellant's daughters overwhelmingly supports the Family Court's denial of that branch of the application which was for the resumption of visitation between the appellant and his daughters. Accordingly, we discern no basis for disturbing the order under review. Thompson, J. P., Sullivan, Miller and Santucci, JJ., concur.